Dalby v. Booth.

WARREN K. DALBY v. BENJAMIN BOOTH.

That the charge asked by the defendant and refused, was strictly correct in point of law, cannot be questioned. But the refusal of it cannot be made a ground for reversing the judgment; for the reason that the record does not contain a statement of the facts proved upon the trial.

But a statement of facts is not necessary to entitle the appellant to a revision of the rulings of the Court upon the admissibility of evidence.

The plea of not guilty in an action of trespass to try title, is sufficient allegation

to authorize proof of any defence, except the statute of limitations. (In this case there was no special plea.)

Unquestionably it was competent for the defendant to prove that the plaintiff's survey did not include the land claimed and in controversy; even though the defendant were a mere trespasser.

The lines of the survey actually run and marked must determine the plaintiff's boundary, though variant from the true course called for in the patent. And it makes no difference, that the line is from the last call to the place of beginning.

Error from Bowie. Tried before the Hon. William. S. Todd.

Trespass to try title, by the defendent in error, against the plaintiff in error. Plea of not guilty and general denial. The controversy appeared to be about the boundary line between adjoining lands patented to the parties, respectively, involving a spring of water. There was no statement of facts. It appeared by bill of exceptions, that the defendant below offered evidence to prove that by the line as actually run and marked, the spring was on his survey, which was excluded. The Court instructed the jury that in closing a survey where the field notes call for "Thence South to the beginning," if a South course does not strike the beginning point, the course must be so varied as to strike the beginning point; and that the jury should be governed by this principle in ascertaining the divisional line between these parties, and then by the testimony determine upon whose land the spring in question is located. The defendant asked the Court to instruct the jury, in substance, that the line as actually run and marked was the true line; which was refused. Verdict and judgment for the plaintiff.

*J. T. Mills*, for plaintiff in error.

*Morrill & Dickson*, for defendant in error.

WHEELER, J. That the charge asked by the defendant and refused, was strictly correct in point of law, cannot be ques-

tioned. (Bolton v. Lann, and George v. Thomas, lately decided at Galveston, *supra;* Urquhart v. Burleson, 6 Tex. R. 502 ; Hubert v. Bartlett's heirs, 9 Id. 97.) But the refusal of it cannot be made a ground for reversing the judgment, for the reason that the record does not contain a statement of the facts proved upon the trial. (Armstrong v. Lipscomb, 11 Tex. R. 649.)

But a statement of facts is not necessary to entitle the appellant to a revision of the rulings of the Court upon the admissibility of evidence. It is not perceived upon what ground the evidence proposed by the defendant, was excluded. It is suggested in the motion for a new trial, that it was because the defence, which it went to establish, was not pleaded specially. But in the action of trespass to try title, that was not necessary ; (Punderson v. Love, 3 Tex. R. 60 ; Rivers v. Foote, 11 Id. 662, 670.) The only ground for excluding the evidence, suggested in argument here, is that it does not appear by the record, that the defendant proved title in himself to the land in controversy. Of course, in the absence of a statement of facts, it does not appear what evidence of title either party produced upon the trial. If a statement of the evidence were before us, it doubtless would appear that the parties exhibited a title to the lands which they respectively claimed. But it was not necessary that the defendant should have title, to enable him to resist the plaintiff's right to recover the land in controversy. The plaintiff must recover upon the strength of his own title ; and that could not extend to land not included in his survey. Unquestionably it was competent for the defendant to prove that the plaintiff's survey did not include the land claimed and in controversy ; even though the defendant were a mere trespasser. He could not be dispossessed by reason of a title in the plaintiff, which did not include the *locus in quo.* We are of opinion that the Court erred in excluding the defendant's evidence. The lines of the survey actually run and marked, must determine the plaintiff's

boundary, though variant from the true course, called for in the patent. *A fortiori*, the line actually run and marked for the dividing line of the surveys must govern in a question of boundary between the plaintiff and defendant, where it was marked and established as the divisional line, by agreement of the parties. The judgment is reversed and the cause remanded.

Reversed and remanded.