## W. W. GOFORTH *v.* THE STATE.

LICENSE. *For retailing liquors. Omission to specify house. Effect. Statute construed.*

A license to retail vinous and spiritous liquors is not void because it fails to specify the house where the liquors may be sold; and where the petition for such license and the order of the Board of Supervisors authorizing the issuance thereof specify the house, the license will protect the licensee or his agents for selling in that house, during the operation of the license. Sect. 1105 of the Code of 1880, requiring that the license shall specify the house in which the retailing is to be conducted, is directory to the officer whose duty it is to issue the same.

APPEAL from the Circuit Court of Rankin County.

Hon. A. G. MAYERS, Judge.

The case is sufficiently stated in the opinion of the court.

*Buchanan & Miller,* for the appellant.

The license issued by the sheriff and the order of the Board of Supervisors granting the license to Cooper & Lowry should have been admitted in evidence. But it is claimed that the license is void, because the sheriff failed to state, in the receipt given by him, the house in which the liquors were to be sold. The license, which is " authority, liberty, or permission " to retail, is granted by the Board of Supervisors. The house in which the liquors are to be sold is designated in their order. The board assesses and collects the tax and approves the bond; and the sheriff simply issues the license, which is a

receipt for the money paid. Sects. 1099, 1104, Code 1880. When the applicant has produced before the sheriff the order of the Board of Supervisors granting the license, and evidence that he has given an approved bond, and pays the money, he has done all that is required by the law. Can he then be punished for retailing without license, together with his clerks, because of the omission to mention the house, by the sheriff who gave him the receipt?

*T. C. Catchings*, Attorney-General, for the State.

The license issued to Cooper & Lowry was not valid, for the reason that it failed to designate "the particular place and house in which the liquors may be sold." Sect. 1105 of the Code of 1880 expressly declares, "the particular place and house in which the liquors may be sold shall be designated in the license, and no license shall authorize any person to sell vinous or spiritous liquors at any other place or house than that specified in such license." If Cooper & Lowry could not have lawfully sold liquors under the license, of course it could afford no protection to their clerk, Goforth, assuming him to have been their clerk.

CHALMERS, J., delivered the opinion of the court.

Appellant, who was on trial for unlawful retailing, desired to prove that he had made the sale for which he was indicted as the clerk of Cooper & Lowry, and that these parties were duly licensed. He offered in evidence a license held by Cooper & Lowry, regular in all respects except that it failed to specify the particular house in which the business of retailing was to be conducted, and he offered in connection with it the record of the proceedings of the Board of Supervisors, showing the order of the board directing or authorizing the issuance of the license, and specifying the house where the liquors were to be sold, the house specified being the one in which the sale for which he had been indicted had taken place.

This evidence was excluded by the court, and the propriety of this action is the sole question presented by the record.

Sect. 1105 of the Code of 1880 requires that the license shall specify the house in which the business of retailing is to be carried on, but does not declare the license void if it fails to contain the specification.

We think the requirement is directory to the officer issuing it; but that if the house has been specified in the petition to the Board of Supervisors, and in their order authorizing the issuance of the license, a failure to specify the house in the license as prepared by the tax-collector does not make it void.

The statute authorizes the Board of Supervisors to grant to the licensee the privilege of changing his place of business "upon sufficient reason," and says nothing of any change to be made in the license as consequent thereupon.

This indicates that the vital thing is that the board should be kept advised of the locality of the business, and that no removals shall be made except by their approval; but while it is advisable that the locality be shown on the face of the license prepared and delivered by the tax-collector, the validity of the instrument is not to be tested by its conformity to this provision of the statute.

The licensee having done all that he is required to do is not to suffer by the clerical misprision of the officer issuing the license.

Reversed, and new trial awarded.