## B. F. McCREARY ET AL. v. RHODES & SILK ET AL.

1. RETAILING LIQUOR. *Certiorari. Parties to record.*
   A qualified voter of a city, who appears before the municipal authorities of such city some time after the filing of a petition for license to retail liquor, but before final action thereon and objects to the issuance of such license, thereby becomes connected with the proceedings sufficiently to enable him to prosecute a writ of *certiorari* to have the same reviewed.

2. SAME. *Petition for license. What to contain. Sections* 1100 *and* 1103, *Code of* 1880, *applied.*
   Under § 1100, Code of 1880, which provides that "the corporate authorities of every incorporated city or town shall have power to grant to any person resident in such city or town license to sell by retail, in any quantity, vinous and spirituous liquors," and § 1103, Code of 1880, which provides that the applicant for license to retail liquor shall present a petition recommending such applicant "to be of good reputation and a sober and suitable person to receive such license," a license issued on a petition which fails to set out that the applicant therein presented is a "resident" of the municipality for which the license is to be granted, and "of good reputation," is void.

3. CERTIORARI. *To municipal authorities. Answer, when impertinent.*
   The only proper response to a writ of *certiorari* to the authorities of a municipality, directing them to send up to the circuit court the transcript of the record of any proceedings had before them, is the transmission of such transcript, and any answer touching the facts or merits of the matter involved in such proceeding is impertinent and should be disregarded by the circuit court.

APPEAL from the Circuit Court of Clay County.

HON. W. M. ROGERS, Judge.

B. F. McCreary and others, legal voters and citizens of the city of West Point, filed a petition before the circuit judge, in vacation, praying that a writ of *certiorari* be issued against Rhodes & Silk and the municipal authorities of West Point, to have the records whereby license to retail liquors was granted by the municipal authorities of West Point to the firm of Rhodes & Silk sent up for review. The petition set out that in January, 1885, Rhodes & Silk presented a petition that license be granted them to retail liquors, as follows: "The undersigned citizens and legal voters of the said city of West Point, and county of Clay, respect-

fully petition your honorable body to grant a license to B. Y. Rhodes and W. J. Silk, partners in business, under the firm name of Rhodes & Silk, to sell vinous, spirituous, and malt liquors in the house now occupied by J. R. Scott & Co., on the corner of Jordan's avenue and Commerce street, for the space of twelve months from the issuance of the same. We further recommend the said Rhodes & Silk to be sober and suitable persons, to whom a license should be issued;" that this petition for license nowhere avers that said Rhodes & Silk were residents of West Point, nor that both or either of them were of good reputation; that the petitioners appeared before the municipal authorities some time after the petition was filed but before the final action was taken and protested against the issuance of license to Messrs. Rhodes & Silk. The writ of *certiorari* was issued and executed as prayed in the petition. The respondents moved the court to quash the writ and dismiss the proceedings, which motion was overruled. The respondents then filed an answer, which, among many other things, set out that "said Rhodes & Silk" were each at the time of filing said petition, in December, 1884, and have been ever since, residents in said city of West Point, and this fact was and is well known to each member of this board and to each petitioner in this cause.

The clerk of the board of selectmen of the city of West Point, on being served with the writ of *certiorari*, filed a transcript with the clerk of the circuit court. He afterward appeared before the court and asked to be allowed to withdraw the transcript, and filed an affidavit to the effect that he had filed the transcript of the record of the board of mayor and selectmen in reference to the issuance of the license without their order or consent, and that he had been since informed by the board and their attorneys that they did not desire it to be filed.

The court sustained the action of the board of mayor and selectmen in granting the license. The petitioners appealed.

*White & Fox* and *Fred. Beall,* for the appellants.

The petition was a nullity which Rhodes & Silk filed asking a license. It did not contain the averment necessary to give the city board jurisdiction of the person or subject-matter. *Tally* v.

*Grider,* 66 Ala. 119 ; *Loeb & Co.* v. *Duncan,* MS. opinion at this term of this court, §§ 1100 and 1103. *Corbett* v. *Duncan,* MS. opinion.

The petition does not aver that Rhodes & Silk are citizens or residents of West Point. No license could be granted to them unless they were residents. Section 1100, code.

The court decided that it was not necessary to allege that the applicants were men of " good reputation."

Since then the opinion of this court has been rendered in *Corbett* v. *Duncan.*

We do not think that even if the court should hold that the relators must have appeared before the city board and contested the grant of license to give them a status in the circuit court, that it will be held that every man who appeared before the board and contested the grant of license should be parties to the *certiorari* proceedings.

*Barry & Beckett,* for the appellees.

1. It is well settled that *non-contestants* have no right to the writ of *certiorari.* *Deberry* v. *Holly Springs,* 6 G. 387 ; *Starkweather* v. *Seely,* 45 Barb. 167, 168; *Davis* v. *Horne,* 4 G. Greene (Iowa) 94, 95.

It is equally well settled that parties who have only such interest as is common to the other legal voters, as taxpayers or members of the community, have no *legal* interest and are not entitled to the writ. *Ex parte Lester,* 77 Va. 676–679 ; *Cresswell & Morette* v. *Greene Co.,* 24 Ala. 282–284; *Benton* v. *Taylor,* 46 Ala. 388, 389; *Jones* v. *Black,* 48 Ala. 543, 544; *Ex parte Streback,* 49 Ala. 444, 445; *Dejarnett* v. *Haynes,* 23 Miss. 600–603; *Grand Gulf* v. *Archer,* 8 S. & M. 173, 174; *Iske* v. *City of Newton,* 54 Iowa 586 ; *Smith* v. *Yoram,* 37 Iowa 91, 92 ; *Iowa News Co.* v. *Harris,* 62 Iowa 501, 502 ; *Craft* v. *Jackson,* 5 Kansas 519–525; *Doolittle* v. *Suprs.,* 18 N. Y. 155; *Roosevelt* v. *Drober,* 23 N. Y. 323, 324 ; *Harkness* v. *Water Co.,* 26 Me. 353–356 ; *Strong* v. *Co. Comrs.,* 31 Me. 578–580 ; *Davis* v. *Horne,* 4 G. Greene (Iowa) 94, 95 ; *Taylor* v. *Town, etc.,* 88 Ill. 526–528 ; *Schaster* v. *Suprs,* 27 Minn. 254, 255 ; *Watson* v. *Medical Co.,* 38 N. J.

Law 377–381; *Fay, Petitioner, etc.*, 15 Pick. 243–248; *Gray* v. *Middleton, etc.*, 56 Vt. 54, 55; 44 Barb. 467; 45 Barb. 164; 23 Wend. 288, 289.

A party without interest is not entitled to the writ because he is a party to the record. He must not only be a party to the record, but he must have an interest. *Ex parte Lester*, 77 Va. 677, 678; *Cresswell* v. *Greene Co.*, 24 Ala. 282–284; *Davis* v. *Horne*, 4 G. Greene (Iowa) 94, 95; *Doolittle* v. *Suprs.*, 18 N. Y. 158–160; *Craft* v. *Jackson*, 5 Kansas 524, 525; *Board Suprs.* v. *Lagoon*, 109 Ill. 146, 147.

2. We are aware the present supreme court has decided that the words "of good reputation" are material, but we judge from their opinion that they did not hold the statute to be a *cast-iron* formula, prescribed as a formula, without any regard to the meaning of the words. The legislature had that right, but to have exercised it they would have said, in addition, that no other formula or words should be used. But in the absence of such a direction the court would explore the language to find out what the legislature intended to accomplish, and if different words were used, but such as to accomplish the intention of the legislature, it would be held to be sufficient.

Though some of the words be omitted, yet if those used substantially embrace the meaning of those omitted it is sufficient. *Cushing* v. *Gay*, 10 Shepl. (23 Me.) 15, 16; *Brown* v. *Keating*, 2 Beav. 581.

The supreme court, on great deliberation, in expounding the different statutes, held that the legislature intended that the person licensed to retail should be a " fit " person. *Rohrbacker* v. *City of Jackson*, 51 Miss. 743.

That was following the legislature itself, for it provides that " whenever the person to whom the license is granted shall become an unfit person " the municipal authorities may revoke it. Code 1880, § 1106.

Now, according to Webster's Unabridged Dictionary, "fit" means " suitable," and "unfit" means " unsuitable." If the words " *of good reputation* " then are not included in the word *fit or suitable*,

we have the remarkable fact of the legislature regarding " *good reputation*" of paramount importance in *getting a license* to conduct a business, and yet as of no sort of consequence *in carrying on the business.*

Arnold, J., delivered the opinion of the court.

After the petition of Rhodes & Silk for license was filed, but before final action was taken in regard to it, some of the appellants objected and petitioned the mayor and selectmen, for causes stated, not to grant the license. This made appellants parties to or connected them with the proceedings sufficiently to enable them to prosecute a writ of *certiorari* to have the same reviewed.

In this petition for license Rhodes & Silk are not recommended to *be of good reputation,* nor is it shown in the petition or by the record returned in obedience to the writ of *certiorari* that they, or either of them, were residents of the city of West Point. Without such recommendation and residence the mayor and selectmen had no authority to grant them license. It was contrary to law for them to do so. Code, §§ 1100 and 1103; *Corbett* v. *Duncan, ante* 84.

The jurisdiction of the mayor and selectmen in the premises was special and limited, and could be lawfully exercised only in strict accordance with the conditions and limitations imposed by the statute. In such case no presumption can be indulged in favor of their proceedings, but all jurisdictional facts must appear affirmatively in the record, or their proceedings must be adjudged void. *Root* v. *McFerrin,* 37 Miss. 17; Powell on Appellate Pro. 353, 354.

The answer of the mayor and selectmen to the writ of *certiorari* indicates that there was satisfactory proof before them of the reputation and residence of Rhodes & Silk, but such answer is out of place and cannot be considered in proceedings by *certiorari.* No answer was required or allowable from them touching the facts or merits of the cause. All that was or could be required of them was to transmit to the circuit court a full and complete certified record of their proceedings in the matter of which complaint was

made.   If more was required or returned, it must be rejected or disregarded.

The only office which the common law writ of *certiorari* performs is to cause the record of a proceeding to be certified from an inferior to a superior tribunal.   Upon a return of the writ the cause is tried solely upon the record.   There can be no trial upon issues of fact in such case.   When the return is made the court determines upon the record alone, whether the inferior tribunal had jurisdiction of the subject-matter involved, and whether it exceeded its jurisdiction or otherwise acted in violation of law.   Puterbaugh's Pl. and Pr. 703 and 704; *Allen* v. *Board of Levee Comrs.*, 57 Miss. 163; *Duggen* v. *McGruder*, 12 Am. Dec. 527 and note; Powell on Appellate Pro. 345–358.   There is nothing in the various objections made by appellees to the writ of *certiorari*, or in the motion and affidavit of the clerk of the board of mayor and selectmen, which should have operated to defeat a trial of the cause on the record of the proceedings of the mayor and selectmen in reference to the license in question.

*The judgment is reversed, and the proceedings of the mayor and selectmen as to the license granted to Rhodes & Silk are quashed and for naught held.*