## B. F. McCRARY et al. *v.* J. C. SANDS & Co. et al.

**Certiorari — Liquor License.**

> Where legal voters and residents of a city sign a counter petition against the issuance of a liquor license by a city board, and signers of the original petition asking for the granting of such license request withdrawal of their names, and the board disregards such counter petition and requests for withdrawal of names, a writ of certiorari is proper to review the action of the board in granting the license.

**Citizenship.**

> In such case where it does not appear that applicants for license were residents of the city, the license is invalid.

J. C. Sands, E. W. Thompson, and others presented a petition to the city council of West Point; praying for license to sell liquors in said city. A counter petition alleging that many of the signers of applicants' petition were not citizens of the State nor city, and numerous requests from the signers of the original prayer for license, asking withdrawal of their names from such petition for license, were filed with the board. The board granted the license as prayed for, whereupon McCrary and others

The law involved in this case is section 1103, Code of 1880.

In the absence of power conferred by statute or charter, municipal authorities cannot grant and sign bills of exception when exercising the power to grant license to retail liquors. Its decision is final as to questions of fact, though errors of law apparent in the record of the proceedings may be corrected by certiorari. Jane *v.* Alley, 64 Miss. 446.

And since no appeal is provided from the order of municipal authorities, acting under section 1103, Code of 1880, on a petition and counter petition for license to retail liquors, a writ of certiorari may be awarded by the Circuit Court to correct errors of law apparent on the face of their proceedings. Corbett *v.* Duncan, 63 Miss. 84; Loeb *v.* Duncan, 63 Miss. 89.

One pending his petition for license to retail cannot maintain certiorari from a general order refusing to grant any license within the municipality within twelve months, for until there is action on his petition there is no judgment against him which he can have reviewed. Lexington *v.* Sargent, 64 Miss. 621.

None but parties to the record sought to be reviewed can maintain certiorari. Hence, persons, though voters of a municipality, who are not in any way parties to proceeding before the authorities thereof, who are not signers of a counter petition against issuance of license to the applicant, nor of a general petition against the granting of license, are not entitled to have pro-

petitioned the Circuit Court for a writ of certiorari commanding the city board to send up to the court all the original papers and transcript of all the proceedings before the board, together with the last registration of voters in the city, and prayed that Sands and Thompson be summoned to appear and show cause why their license should not be annulled.

The petition for the writ alleged that the municipal authorities at a special meeting granted the license without the three weeks' publication as required in such cases; that Sands and Thompson were not citizens of the city, and that if the names of the countersigners and those requesting erasure of their names from the petition for license had been counted as against the petition for license that applicants would not have had a majority of the legal voters of the city; and that the board refused to consider the objections to applicants' petition.

Fiat was issued as prayed for, and on hearing the writ was quashed and the cause dismissed, whereupon McCrary appealed to the Supreme Court.

APPEALED from Circuit Court, Clay county, W. M. ROGERS, Judge.

Reversed and writ quashed, February 22, 1886.

ceedings resulting in a grant of liquor license reviewed. McCreary v. O'Flynn, 63 Miss. 204; Lexington v. Sargent, 64 Miss. 621.

But if a voter appears and objects to the issuance of license, he may maintain certiorari. McCreary v. Rhodes, 63 Miss. 308.

To a writ of certiorari to the authorities of a municipality directing them to send up to the Circuit Court the transcript of the record of any proceedings had before them, the only proper answer is the transmission of such transcript, and any answer touching the merits of the cause will be disregarded. McCreary v. Rhodes, 63 Miss. 308.

A license issued on a petition which fails to set out that the applicant therein presented is a "resident" of the municipality for which the license is to be granted, and "of good reputation," is void. McCreary v. Rhodes, 63 Miss. 308.

Under section 1099, Code of 1880, a license granted by the board of supervisors to retail liquors is void, unless it be shown to the board, by the petition or otherwise, that the petitioner is a "resident" of the county. And an objection for this, being jurisdictional, may be raised in this court for the first time. McGee v. Beall, 63 Miss. 455.

But the license need not specify the house where the liquor is to be sold if this is stated in the petition and order of the board. Goforth v. State, 60 Miss. 756.

*Attorneys for appellant, White & Fox, Beall & Bradshaw.*

*Attorneys for appellee, Barry & Beckett.*

Brief of White & Fox, Beall & Bradshaw:

\* \* \* The Circuit Court took this very strange view of the case, that the general petition and the petition of Sands & Co. could not both be brought up by a writ of certiorari, and utterly refused to look at or in any way consider the general petition. This, we think, was error, for in no other way could we get before the court the fact that the city authorities had granted a license to Sands & Co. in violation of law, after a general petition had been filed by a majority of the legal voters asking that no license be granted to any one for twelve months.

If the petition for the writ of certiorari was insufficient in not making a more positive averment that the general petition did contain a majority of the legal voters, that defect could not be reached by a motion to quash, but could only have been reached by demurrer, which, if sustained, would have given the petitioners an opportunity to amend. \* \* \*

There is nothing in the petition to show that they are residents of West Point. We submit that this fact should be averred in their petition to give the city board jurisdiction, for they can only grant a license to residents of the city. § 1100, Code 1880; Tally *v.* Grider, 66 Ala. 119.

Nothing, it is said by the Supreme Court of Alabama in the above-referred-to case of Tally *v.* Grider, can be supplied by intendment. No presumption can be indulged in favor of such a proceeding, which the record or *quasi*-record does not affirmatively prove. This record does not affirmatively prove that J. C. Sands & Co. are residents of West Point. \* \* \*

Brief of Barry & Beckett:

This is a certiorari from the proceedings of the municipal authorities of West Point granting a retail license to J. C. Sands & Co. \* \* \*

The writ of certiorari was granted in vacation and without notice. The petition for certiorari does not state that the facts alleged appear by the record of the proceedings sought to be reviewed. \* \* \*

The writ might be granted at any time before or after final judgment, and parties might be seriously damaged by having the

proceedings interrupted. It operates as a supersedeas. Rapalje & Lawrence Law Dictionary, title, " Certiorari."

The petitioners were not parties to the proceedings below, and hence had no interest. They were not even in the position of tax-payers who have an interest, but only such as is common to other taxpayers, and, therefore, not entitled to the writ. In this case there is an utter want of interest. Cresswell v. Commissioners Green County, 24 Ala. 282–284; Benton v. Taylor, 46 Ala. 388; Jones v. Black, 48 Ala. 543, 544; Ex parte Stroback, 49 Ala. 444, 445; Garnett v. Haynes, 23 Miss. 600–603; Grand Gulf Bank v. Archer, 8 S. & M. 173, 174; Ex parte Lester, 77 Va. 663, 676, 679; Iske v. City of Newton, 54 Iowa, 586; Doolittle v. Super-visors, 18 N. Y. 155; Roosevelt v. Draper, 23 N. Y. 323, 324; Harkness v. Water Co., 26 Me. 353, 356; Strong v. County Com-missioners, 31 Me. 578–580; Davis County v. Horne, 4 G. Greene (Iowa), 94, 95; Taylor v. Town, etc., 88 Ill. 526–528; Schuster v. Supervisors, 27 Minn. 253–255; Watson v. Medical Society, 38 N. J. Law, 377–381; 44 Barb. 467; 45 Barb. 164; 23 Wend. 288, 289; 62 Iowa, 501, 502; 37 Iowa, 91, 92; 5 Kan. 519–525; 56 Vt. 54, 55. See further on this point brief in O'Flinn case.

The petitioners were not parties to the proceedings before the board, and hence not entitled to the writ. Deberry v. Holly Springs, 35 Miss. 387; Davis County v. Horn, 4 G. Greene (Iowa), 94, 95; Starkweather v. Seeley, 45 Barb. 167, 168.

The petition for certiorari does not state the prohibition petition *was signed* by a majority of the legal voters, but that petitioners " verily believe " it was so signed. This averment is not suf-ficient. M. & C. R. Co. v. Neighbors, 51 Miss. 422; McAlister v. Clopton, 51 Miss. 257.

Besides the action of the board on the prohibition petition could not be reviewed or attacked in this proceeding on the retail petition. It is a misjoinder. Cresswell v. Green County, 24 Ala. 282–284; 9 Iowa, 583; 61 Iowa, 398.

Petitioners should, if entitled to the writ at all, have exercised diligence in suing it out, and not have waited till the license issued, money was paid, etc. The court has a right to look into the surrounding circumstances and refuse the writ if it will work injustice or injury. 2 Wait's Actions & Defenses, 136, 138; 3 Der. 528; 1 Blackf. 414; 8 Yerg. 162, 222; 82 N. Y. 508; 132 Mass. 43; 117 Mass. 565, 566; 112 Mass. 214; 20 Pick. 71; 3 Mass. 407; State v. Logan, 43 N. J. Law, 421.

As the writ, as we have shown, can be granted at any stage of the proceedings before the board (Rapalje & Lawrence's Law Dictionary, title, " Certiorari "), it might seriously impede and obstruct the board in their administration of the affairs of the public and of the town, and should not be granted in vacation or without notice.   15 Wend. 206, 207; 9 Wend. 433; 112 Mass. 214; 6 Mass. 72.·

The petition for certiorari should make out a case, and allege that the facts stated appear of record in the proceedings sought · to be reviewed.   67 Me. 39; 118 Mass. 564; 2 Wait's Actions & Defenses, 141.

No good cause shown.   Certiorari does not lie to the action of the board in granting a license to retail.   When the retailer produces to the board a proper petition and complies with the law, the act of granting a license is ministerial.   If it is improperly granted, the party can be indicted.   It is no protection.   Intendent, etc. v. Kane, 2 Jones L. (N. C.) 288; Regina v. Overseer, 14 Eng. L. & Equity, 145.

OPINION.— ARNOLD, J., delivered the opinion of the court:

The opinions in McCrary et al. v. T. O'Flinn, and McCrary v. Rhodes and Silk dispose of this case.   Appellants, as legal voters and residents of West Point, were signers of a general petition against the issuance of license to sell liquor in the city which, it is alleged, have been disregarded by the mayor and selectmen in granting license to Sands and Thompson.   Under the circumstances, it was competent for appellants to prosecute a writ of certiorari to review the action of the mayor and selectmen in granting such license.   But the action of the mayor and selectmen on the general petition against license cannot be reviewed in this cause and leaving that out of view and confining our examination to the record of the proceedings of the municipal authorities in granting license to Sands and Thompson, we find that it does not appear from the record or from the petition of Sands and Thompson for license that they or either of them were residents of the city of West Point.   This rendered the action of the mayor and selectmen, in the premises, invalid, and the license issued, void, for reasons stated in the opinion in B. F. McCrary et al. v. Rhodes and Silk et al., above referred to.   The judgment is reversed and the proceedings of the mayor and selectmen as to the license granted to Sands and Thompson are quashed and held for naught.