No. 5286.

LUCY J. PROCTOR v. G. T. WILCOX.

1. NEW TRIAL—STATEMENT OF FACTS.—A motion for new trial was over-
ruled on the last day of the term, and an order entered allowing ten
days for statement of facts, the defendant's counsel refusing to agree to a
statement of facts presented by plaintiff against whom judgment had
been rendered. After five days had elapsed plaintiff's counsel com-
mitted to the mail his statement of facts, directed to the judge who was
holding court in another county. The statement of facts was not signed
by the judge until the expiration of the ten days. In an original action
for a new trial *held:*

(1) Without deciding whether an original petition for new trial could
be entertained in any case on the ground that a party against whom judg-
ment was rendered had been deprived without fault on his part of an
opportunity fairly to present his case on appeal or writ of error, no
proper diligence to obtain a statement of facts in this case was shown.

(2) The statement of facts should have been presented in person or by
attorney or messenger, and should not have been entrusted to the mail.

ERROR from Bell.     Tried below before the Hon. B. W. Rimes.

The opinion states the case.

*D. H. Hardy* and *Monteith & Furman,* for plaintiff in error.

*W. T. Rucker* and *Harris & Saunders,* for defendant in error.

GAINES, ASSOCIATE JUSTICE.     This was an original action for
a new trial instituted in the court below by plaintiff in error
against John W. Williamson, the testator of defendant in error.
The petition, after setting forth the proceedings of the court in
the first action, the evidence adduced upon that trial, the judg-
ment in favor of the defendant Williamson, and the overruling
of a motion for a new trial, alleged that ten days were allowed
for making up a statement of facts, but that without any fault
on part of plaintiff or her counsel, this was not signed by the
judge and filed until the time had expired.

The circumstances which led to this result are stated in detail
in the petition and are as follows: The trial was had on the
seventh day of October, 1881, and the motion for a new trial was

overruled, it is to be presumed from the brief of counsel, on the twenty-eighth day of that month, which was the last day of the term. It is alleged that after the motion was overruled, counsel for defendant was presented with a statement of facts prepared by the attorney for plaintiff, but refused to agree; and that thereupon the order for the ten days was granted, the judge at the time telling plaintiff's counsel that he would be at Waco on October 29 and 30, and after that would be at Marlin until November 6. It was further averred that ineffectual attempts were made to procure an agreement with defendant's attorneys on the first and second of November, and that on the third, plaintiff's counsel mailed his statement to the judge directed to Marlin. It was also shown that there were daily mails between the latter town and Belton, where the case was tried; and that it took but a day for the mails to go from the one place to the other.

It was further alleged that on the fifteenth day of November a statement of facts, signed by the judge, as of the date of the twelfth of that month, was received through the postoffice and filed the next day. A demurrer was sustained to the petition for a new trial, and the plaintiff declining to amend, the cause was dismissed.

We do not feel called upon to decide whether an original petition for a new trial can be entertained in any case, upon the ground that the party against whom the judgment has been rendered has been deprived, without any fault on his part, of an opportunity fairly to present his case upon appeal or writ of error to a court having jurisdiction to revise the judgment in such proceeding. We have found no case where such a bill or petition has been held good, except that of Oliver v. Pray, 4 Ohio, 175, in which the supreme court of the State of Ohio granted a new trial in a case in which judgment had been rendered in the court of common pleas. But we infer from the report of the case that the supreme court had both original jurisdiction as a court of equity, and appellate jurisdiction over the court in which the trial was originally had. In Overton v. Blum, 50 Texas, 417, an original suit for a new trial was instituted upon very similar grounds to those upon which the present action was founded. The relief was denied, but upon the ground that the petition did not show that the plaintiff had been prejudiced by the action of the lower court upon the first trial. But if such an action can be successfully maintained

upon any state of facts, it would certainly be necessary for the plaintiff to show that he had not been deprived of his right to properly present his case upon appeal by any fault upon his part, and we are of the opinion that, after a judgment in the court below, the party desiring to appeal should be held to the strictest diligence in preparing his case for the higher court.

In the case before us three weeks elapsed from the time the judgment was rendered until the motion for a new trial was overruled. The cause had been tried by the judge, and the overruling of the motion might have been anticipated. Nevertheless, after the ten days had been granted and half of the time had elapsed, plaintiff's attorneys committed to the mail the statement which he is required to present to the judge. Is this proper diligence? We think not. But it also appears that ordinarily, if the statement had reached the judge in due course of mail, an answer, if requested, might have been had on the second, or at furthest the third, day; so that in the event of a failure to hear from the judge, other steps might have been taken to secure a compliance with the law. But it does not appear that any such answer was requested, and we are of opinion that in a matter of such importance, ordinary prudence demanded that the statement should have been presented in person or by attorney or messenger, and not entrusted to the uncertainties of the mail.

In Essex v. Berry, 2 Vermont, 161, which was a suit in chancery for relief against a judgment by default, the complainants alleged, among other things, that they mailed a letter in due time to their attorney instructing him to make their defense, which, by some miscarriage, but without fault on their part, he failed to receive, and that they were thereby prevented from putting in an answer. This was held not to have been proper diligence. The court there say: "It was an accident, no doubt, that the letter did not arrive sooner, and just such an accident as common prudence would have guarded against by sending an agent."

Because the petition in the case before us fails to show the proper diligence on part of plaintiff in the efforts to procure a statement of facts within the time ordered by law and the order of the court, the judgment in sustaining the demurrer is affirmed.

*Affirmed.*