### VIRGIE BLACKBURN v. J. A. BLACKBURN.

Delivered June 9, 1897.

**1. Statement of Facts—Time for Filing—Diligence.**

The greatest possible diligence to file a statement of facts within the prescribed time is a condition precedent to relief under the statute providing for the filing of such statement of facts after the expiration of such time.

**2. Divorce—Condonation—Charge of Court—Harmless Error.**

A judgment for defendant in a suit for divorce on the ground of cruelty will not be reversed because the question of condonation was submitted to the jury in the event they found the allegations as to cruelty true, even if the ruling constituted error, where the jury specially found that the allegations as to cruelty were not true.

**3. Same—Admission of Evidence—Absence of Statement of Facts—Harmless Error.**

In an action for divorce on the ground of cruelty, the admission of hearsay testimony that plaintiff's father caused her to leave defendant will not work a reversal of a judgment for defendant, in the absence of a statement of facts, where the jury specially found that the allegations of cruelty were untrue, notwithstanding an instruction that if the plaintiff left defendant by reason of her father's influence, and not on account of the alleged cruelty, the defendant is entitled to a verdict.

**4. Same—Charge of Court—Evidence—Harmless Error.**

Judgment for defendant in a suit for divorce on the ground of cruelty will not be reversed, in the absence of a statement of facts, because the court's charge authorized the jury to find the plaintiff's allegations as to the defendant's cruelty untrue if her conduct toward him was such as to cause his misconduct, as the evidence may have so fully negatived the truth of the plaintiff's charges that plaintiff was not prejudiced by the charge, admitting it to be incorrect.

APPEAL from LaSalle. Tried below before Hon. M. F. LOWE.

*I. N. Spann* and *Clark, Guinn & Fuller,* for appellant.—Condonation is only a defense in an action for divorce when the cause for divorce is adultery, and such defense does not apply to other excesses and cruelties. Rev. Stats., art. 2865; Wright v. Wright, 6 Texas, 3.

*Ellis & Allen, Mason Maney, W. J. Bowen, S. T. Dowe,* and *L. H. Browne,* for appellee.

JAMES, CHIEF JUSTICE.—Ten days after adjournment were allowed for filing the statement of facts, the tenth day being December 1, 1896. It was filed on December 2d. The evidence before us conflicts as to whether it was signed by counsel and approved by the judge on the 27th of November or on the 28th, but this is immaterial. It was so completed, according to the showing of appellant, at Pearsall, at which place it was forwarded by her counsel by express to Cotulla, addressed to the district clerk of LaSalle County. It was shown with certainty that it was in the office of the express company at Cotulla on the 28th, with three days remaining of the ten days. The reason why it was not filed with the clerk before December 2d, is shown as follows: At the time the package was expressed at Pearsall, appellant's counsel wrote to the clerk at Cotulla informing him that he had sent to his address the statement of facts, and that if he did not receive the same promptly, to inform counsel at once, and not hearing from the clerk, counsel relied on its having reached him, and did nothing more. It seems that the clerk received the letter, as he says, on the 27th of November (opposing counsel testifying that the package was forwarded on the 27th), and called on the agent for it that day, and was told that no such package was in the office, but did not notify counsel, nor did he call again for the package, believing that an agreement had been made covering the delay. The express office did not notify him that the package had been received until the 2d of December.

The statute provides: "Whenever a statement of facts shall have been filed after the times respectively prescribed in articles 1379, 1380, and 1381, and the party tendering or filing the same shall show to the satisfaction of the Courts of Civil Appeals that he has used due diligence to obtain the approval and signature of the judge thereto and to file the same within the time in this chapter provided for filing the same, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the Courts of Civil Appeals shall permit said statement of facts to remain as part of the record," etc. This provision clearly shows that the failure to file the same in time must have resulted from a cause beyond the control of appellant or counsel; in other words, that the greatest possible diligence is essential in such cases. That such diligence was the rule before the statute, is decided in Proctor v. Wilcox, 68 Texas, 219.

It seems to us that we are obliged to sustain this motion. The statement was ready for filing, and in Cotulla, three days before the ten days had expired. Appellant's counsel, after expressing the same and writing the letter above referred to, did nothing more, but relied on the express company delivering it promptly and upon the clerk notifying him if it had not reached him, and took the risk of these things. Certainly this was not the exercise of the strictest diligence in the matter, and ample

time and opportunity existed for knowing whether or not the statement had reached the hands of the clerk before the time expired. It can not be said, under the circumstances, that the cause was beyond the control of appellant. What was done would doubtless fulfill the measure of ordinary diligence, but not the strictest diligence.

The first assignment of error is to the overruling of plaintiff's first special exception to the answer, to the effect that the grounds for divorce alleged were condoned, the proposition being that condonation is only a defense when the cause for divorce is adultery, and does not apply to other excesses and cruelties. It is not necessary to decide the question, unless we should remand the cause. The charges of the court submitted the question only in the event the jury found the allegations true. The verdict was that they were not true. Had the demurrer been sustained, and the allegation of condonation stricken out, the allegations of cruelty would have remained, and on these issues the finding was that they were not true, so that plaintiff does not appear to have been affected by the ruling.

The same may be said of the second assignment, which is that the court overruled another exception to the answer wherein it set up a charge of $7700 against the community estate of plaintiff and defendant for separate property alleged to have been used by defendant in behalf of the estate. This claim was asserted in the event the divorce was granted, and it is manifest that, if the judgment refusing the divorce be affirmed, we need not review this ruling.

The remaining assignments of error refer to the testimony and charges. The assignments from 4 to 9, inclusive, relate to testimony which tended to show that plaintiff's father caused her to leave defendant, which testimony is complained of as hearsay. We are of opinion that these assignments, if correct as to the law, will not work a reversal in the absence of a statement of facts. Railway v. Locklin, 87 Texas, 467. The verdict being that the allegations of cruelty and excesses alleged by plaintiff were not true, we must assume that the evidence failed to establish them. If they were not proved, the judgment was correct. Had the verdict been a general one for the defendant, it would then have been open to the possibility of being founded on the issue that her father had caused her to leave defendant, and not on the untruth of the charges, in view of the following clause of the charge: "If you believe from the evidence that plaintiff left home by reason of the influence of her father, and not on account of the alleged cruelty set up in her pleadings, then you will return a verdict for the defendant." But the verdict is a specific ascertainment that the grounds alleged in the petition were not true, and if this be so, we do not see how it is manifest that plaintiff was injured by the testimony which is the subject of these assignments, or by the charge complained of in the twentieth assignment, above quoted.

The other assignments in appellant's brief, down to the nineteenth, refer to questions on the evidence, which can not be reviewed in the absence of a statement of facts. Nor can we sustain, in the absence of the

evidence, the nineteenth assignment. The charge complained of authorized the jury to find the allegations untrue, if plaintiff's conduct towards him was such as to cause the misconduct alleged. The evidence may so fully have negatived the truth of plaintiff's charges that plaintiff was not prejudiced by this charge, admitting it to be an incorrect charge. As stated in Hill v. Railway, 80 Texas, 435, "The general rule is that an appellate court will not revise charges given or refused where there is no statement of facts. The exception is where the error in the charge is so glaringly apparent, when taken in connection with the pleadings and the verdict, as to leave no doubt but that the finding of the jury was controlled by the improper instructions. An exception can be found in a case where a charge is upon an issue not made on the pleadings, and the verdict is evidently upon that issue."

In the present instance, the court submitted the case upon the actual truth or falsity of the charges contained in the petition. It further authorized the jury to find the charges untrue, if the acts complained of were induced by plaintiff's conduct. Assuming that the charge in question was incorrect, or assuming even that no such issue as the latter should have been submitted, it is not an evident matter that the jury found upon such issue. The verdict can as well be credited to a finding that the charges were untrue in fact; nor can we say that the record leaves no doubt that the verdict was controlled by the instruction.

The judgment is affirmed.

*Affirmed.*

Writ of error dismissed.