## HILARIO CASTELLANO v. A. L. MARKS ET AL.

### Decided November 23, 1904.

**1.—Liquor Dealer's License—Application—Sale to Minor.**

The fact that the application of a retail liquor dealer for license to sell fails to state that he desires to sell in certain quantities, does not preclude a recovery for breach of his bond by sale to a minor, the license and bond being in compliance with the statute.

**2.—Liquor Dealer's Bond—Breach.**

A retail liquor dealer's license and bond which would protect him from criminal prosecution will subject him to the penalties arising from an infraction of the bond.

### ON MOTION FOR REHEARING.

**3.—Assignment of Error.**

Assignments of error though not followed by propositions may be considered when they are in themselves propositions.

**4.—Practice on Appeal—Exclusion of Evidence.**

Where the action was to recover the penalties prescribed for the breach of a liquor dealer's bond and the bond and license were excluded as evidence on the ground that the application for the license was not statutory, it was not necessary, in order that the Appellate Court might review the action of the trial court, to introduce further evidence showing the breach, since the excluded bond was the very foundation of the action.

Appeal from the County Court of Bexar. Tried below before Hon. Robert B. Green.

*T. H. Ridgeway,* for appellant.—Appellees are estopped from asserting the irregularity and insufficiency of the application to defeat a recovery on the bond occasioned by violations of the conditions of the bond. The bond, occupation tax receipt and license were in every respect regular and sufficient. Marks engaged in business under them and continued in business under them up to the time of the trial, and is now engaged in business under them. 11 Am. & Eng. Ency. of Law, 432 (note), 446, 447, note 8; Morris v. Mills, 11 Texas Ct. Rep., 14; Green v. Southard, 2 Texas Ct. Rep., 240; Pearce v. State, 35 Texas Crim. App., 150.

*Clark & Davis,* for appellees.—When a penalty is provided by statute for a violation of the law regulating the sale of intoxicating liquors, and a bond is required, the right to recover on such a bond for an alleged breach thereof depends upon a *strict compliance* with all of the prerequisites to the filing of the bond and the issuance of the license, viz., the filing of a statutory application, with every stipulation required, and unless such an application is filed the bond is invalid and a recovery can not be had thereon. Texas Civil Statutes, art. 5060c; Johnson v. Rolls et al., 79 S. W. Rep., 513; Commissioners' Court v. Beall, 81 S. W. Rep., 527; Peavy v. Goss, 90 Texas, 89.

FLY, Associate Justice.—Appellant sued A. L. Marks, as principal, and the Fidelity and Deposit Company of Maryland, as surety, on a liquor bond, to recover $1,000 for two sales of liquor to his minor son, Ascencio Castellano. There was a verdict and judgment for appellees.

Upon the trial of the cause the following evidence was offered by appellant, objected to by appellees, and rejected by the court:

"Application for license for the sale of spirituous, vinous or malt liquors or medicated bitters.

"State of Texas, County of Bexar. I, the undersigned, hereby make application for license for the sale of retail liquor dealer, in quantities of ——, to be—not to be—drunk on the premises; and having been duly sworn, declare that on the 1st day of August, 1903, I intend to engage in the sale of such liquors, in the quantities and in the manner above applied, at No. 605 West Commerce Street in the city of San Antonio, county of Bexar. (Sign) A. L. Marks.

"Sworn to before me, this 29th day of July, 1903. Hugh B. Rice, Notary Public, Bexar Co."

Also the evidence of A. L. Marks "that he was the defendant in this case and that he was engaged in running a saloon at No. 605 West Commerce Street, in the city of San Antonio, Bexar County, Texas, and that he had several licenses posted up in his saloon under which he conducted his business, one of which was the license issued him by the State and county on 21st day of August, 1903; the other licenses were issued to him by the city and a revenue license issued by the

United States. That the license issued to him by the county and State was issued to him under the application made to the county clerk on the 29th day of July, 1903. That he was engaged in the sale of spirituous, vinous and malt liquors to be drunk on the premises, in quantities of one gallon and less."

Also an annual tax receipt for state and county taxes in which it was recited that A. L. Marks was authorized to sell liquors in quantities of one gallon or less, for one year from August 1, 1903.

Also a statutory liquor bond given by appellees on July 29, 1903, in which it is recited that Marks desired to engage in the sale of spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication, to be drunk on the premises in quantities of one gallon or less, at 605 West Commerce Street, in the city of San Antonio, County of Bexar, State of Texas, "and has made the application and paid the taxes required by law." Also the following license:

"Liquor Dealer's License. For the sale of spirituous vinous or malt liquors or medicated bitters.

"No. 3568. Office of County Clerk, Bexar County, Texas.—A. L. Marks having filed his license to sell liquor, and having fully complied with the requirements of the law in relation to the payment of taxes and filing his bond, he is hereby authorized, for a period of twelve months from August 21, 1903 (the date of the receipt of tax collector), to sell spirituous, vinous and malt liquors and medicated bitters, at the place and in the manner and quantities set forth in his application, viz., at No. 605 West Commerce Street, in the city of San Antonio, county of Bexar, State of Texas, in quantities of one gallon and less than one gallon, to be drunk on the premises.

"State Tax, $300. County Tax, $150. City Tax, $150.

"Given under my hand and seal of office this 21st day of August, 1903. Frank R. Newton, County Clerk, Bexar County. By August E. Huppartz, Deputy."

All of the foregoing evidence was excluded on the ground that no valid application for license to sell liquors had been made by A. L. Marks and therefore he and his surety were not liable under the statutes authorizing the recovery of a penalty for the sale of intoxicants to a minor.

It is apparent from an inspection of the application that it is defective in not stating that the applicant desires to sell liquors in certain quantities, to be drunk on the premises. It is also apparent that the application was made on a printed blank and the applicant failed to make the proper insertions and erasures therein. The question is, does the failure to properly fill out the blanks preclude a recovery on a proper statutory bond, which was given under a legal license to sell liquors in certain quantities in a certain place in San Antonio?

It is argued that the amount provided for in the statute which an aggrieved person may recover for an infraction of a condition in the bond is a penalty, and that being a penalty strict proof must be made not only of a statutory bond and license, but also of a statutory application for a license to sell. In the case of Johnson v. Rolls, 97 Texas, 453, 79 S. W. Rep., 513, it is held that the sum allowed in article 3380

for an infraction of a liquor bond, although denominated therein "liquidated damages," is a penalty, and that decision is relied on by appellees to sustain the decision of the lower court. We do not think that a proper construction of that opinion will lead to that result. We think that we are sustained in this view by the opinion in the case of Green v. Southard, 94 Texas, 470, where it was held that the bond of a liquor dealer is not invalid although both license and application fail to designate the particular house in a town in which the liquor was to be sold. In that decision the case of Pearce v. State, 35 Texas, Crim. Rep., 150, in which it was held that a license which designated the town in which the liquors were to be sold was valid, was cited and followed. After a discussion of what is meant in the statute as to the designation in the application of the "place" where the liquor was to be sold the Supreme Court said: "But waiving this question, if the omission to name the house in the license does not make it void, for a much stronger reason, we think, it ought to be held that a like omission in the application can not have such effect."

Under the decision of the lower court the bond and license must be held to be based and dependent upon the application, and although every requisite of the statute is embraced in bond and license, they are not sufficient to constitute A. L. Marks a liquor dealer in the eyes of the law. The Supreme Court, however, not only does not rest the validity of the bond upon a strict compliance with the statute in either license or application but goes further and holds, by implication, that there is a much stronger reason for holding that an omission in the application is not of such gravity as one in the license. It follows that if a bond is good although neither license nor application comply with the statute, it ought to be good when the license strictly complies with the law and only the application is defective.

The test to be applied to the bond and license is, would they protect the party making the one and to whom the other was granted from a criminal prosecution? and we think under that test that 'appellee Marks was a liquor dealer under the laws of Texas with the right to sell liquor and subject to the penalties arising from an infraction of his bond.

In the application the statute requires the place to be stated where the liquors are to be sold, and if in any city or town where the houses are numbered the street and number of the house shall be given, but in the license it is required that the "particular place and house in which the liquors are to be sold shall be designated." This would indicate that more particularity is required in the license than in the application, and yet when the license was defective in that respect it was held to protect a man from prosecution and conviction. Pearce v. State, 35 Texas Crim. Rep., 150.

The application, if necessary to be proved at all in cases of this character, should be viewed in the light of the bond and license, and when so tested in this case it is clear that appellee Marks applied to do business as a retail liquor dealer, and gave the required bond and was granted the proper license.

We are of the opinion that the matters required to be placed in the application are of equal dignity ·one with the other, and if an applica-

tion is good with the designation of place left out, it would, be good with place and quantity of liquor to be sold and where to be drunk left out.

The contrary doctrine was held by the Court of Civil Appeals of the Second District in the case of Southard v. Green, 59 S. W. Rep., 839, but as above indicated the Supreme Court differed with that decision and took a more liberal view of the matter. The case of Goforth v. State, 60 Miss., 756, and Douthitt v. State, 5 Texas Law Journal, 741, 11 Texas Ct. Rep., 51, are in line with the views of this court.

Because the court erred in excluding the evidence offered by appellant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

The first ground of the motion is that the court erred in considering the brief of appellant because the assignments are not followed by propositions and statements. Most of the assignments are followed by propositions, and those not followed by propositions are propositions in themselves. All of them are followed by statements. The questions discussed in our former opinion are clearly raised by the assignments of error.

The second ground of the motion is that the assignments of error raise only abstract questions, because appellant after the liquor bond and license were excluded did not proceed farther and offer evidence of a breach of the bond. The bond was the foundation, the basis of the action, and when that was excluded there was nothing upon which to base the introduction of any further evidence. Under the ruling of the trial court there was no bond, no license, and Marks had not pursued the occupation of a liquor dealer, and it would have been a strange proceeding to introduce testimony to show a breach of a liquor bond that did not exist, by a man without a license. This action being based on the bond, when it was excluded the whole case fell to the ground, and no authority has been presented that tends to sustain the position that the party bringing the suit could not have the action of the court in such a case reviewed by an Appellate Court, unless he had gone through the useless act of introducing testimony that could have no pertinent reason for its existence. The vitality and importance of the question presented in the exclusion of the liquor bond do not require the assistance of other evidence to sustain them; they appear from the mere statement of the fact that the bond was excluded. It follows that authorities requiring a statement of facts in order that the materiality of rejected testimony may be ascertained by the Appellate Court have no applicability to a case like this.

In the case of McCarty v. Wood, 42 Texas, 39, the court said: "Where the court below erroneously excludes the evidence which constitutes the foundation of the action or the defense, under such circumstances that it can not be reasonably expected that it can be supplied by other evidence, then this court might be enabled to see by reference

to the pleadings in the cause that the party had suffered an injury, even in the absence of a statement of facts."

In the case of Sublett v. Kerr, 12 Texas, 366, the instrument on which the suit was based was excluded and the cause was appealed without a statement of facts. The court said: "But it is insisted that this ruling is not subject to revision because there is in the record no statement of facts. This case is not analogous to the case cited in support of the argument, 8 Texas, 174. There it was proposed to revise the judgment upon its merits. Here it is proposed to revise a ruling of the court by which the party was, in effect, deprived of a hearing upon the merits of his case. The evidence excluded was the foundation of the action. It could not be supplied by other evidence. It would have been idle for the plaintiff to have proceeded to introduce evidence, when the foundation of his right to recover had been thus swept away."

In the case of Galbreath v. Templeton, 20 Texas, 45, it is said by the Supreme Court: "There is no statement of facts, but the verdict shows that there could have been no evidence equivalent to that ruled out." The court held the evidence improperly excluded and reversed the judgment of the lower court.

The principle announced in the foregoing quotations is recognized and approved in numerous cases. Harvey v. Hill, 7 Texas, 591; Webb v. Maxan, 11 Texas, 679; King v. Gray, 17 Texas, 62; Dalby v. Booth, 16 Texas, 563; Fox v. Sturm, 21 Texas, 407; Bowles v. Beal, 60 Texas, 322; and Lockett v. Schurenberg, 60 Texas, 610.

Back of the enactment of every rule prescribed for the government of courts there is a valid and sufficient reason upholding and supporting it, and when the reason fails the rule must of necessity have no foundation for its existence. The rule that an Appellate Court will not consider the question of the admission or exclusion of evidence in the absence of a statement of facts, is based on the reason that the court can not ascertain the materiality of such testimony without the facts necessary to show how it affected the interests of the complaining party in the trial of the cause. When the pleadings, however, clearly indicate that the excluded testimony was the very foundation of the action and without it the trial would be an idle consumption of time, the reason for the rule no longer exists and its enforcement will not be demanded.

It was by mistake stated in our former opinion that the evidence of Marks was excluded, but it is an immaterial matter. The opinion is based on the exclusion of the application, bond and license.

There is no merit in the motion for rehearing and it is overruled.

*Overruled.*