SMYER v. FT. WORTH & DENVER CITY RY. CO.

(Court of Civil Appeals of Texas. Amarillo. June 1, 1912. Rehearing Denied June 22, 1912. Writ of error denied by Supreme Court Oct. 23, 1912.)

1. APPEAL AND ERROR (§ 1078*) — ASSIGNMENTS—BRIEF—WAIVER.

Assignments of error filed in the lower court, but not brought forward in appellant's brief, were waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256–4261; Dec. Dig. § 1078.*]

2. APPEAL AND ERROR (§ 549*)—ASSIGNMENTS OF ERROR—PRESENTATION FOR REVIEW.

Assignments of error, based on rulings upon the special exceptions to pleading, could not be reviewed in the absence of a statement of facts and bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2441–2451; Dec. Dig. § 549.*]

3. APPEAL AND ERROR (§ 548*)—RULINGS ON EVIDENCE—BILL OF EXCEPTIONS.

Rulings on the admission or exclusion of evidence are reviewable only when presented by a proper bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

4. APPEAL AND ERROR (§ 548*) — STATEMENT OF FACTS—CONSTRUCTIONS.

The giving or refusing of instructions is not reviewable, in the absence of a statement of facts, except where the error in the charge is so apparent as to leave no doubt but that the jury's finding was controlled thereby.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by J. E. Smyer against the Ft. Worth & Denver City Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 143 S. W. 683.

Veale, Davidson & Veale, of Amarillo, for appellant. Turner & Wharton, of Amarillo, and Spoonts, Thompson & Barwise, of Ft. Worth, for appellee.

PRESLER, J. For the reason stated, and upon the authorities cited in a written opinion by this court in the case of National Bank of Commerce v. Lone Star Milling Co., 152 S. W. 663, of date January 19, 1912, appellant's motion for rehearing, on motion of appellee to strike out statement of facts and bills of exception, is hereby overruled, and the former opinion of this court, rendered herein on the 13th day of October, 1911 (143 S. W. 683), is in all things confirmed.

On the Merits.

HALL, J. Appellant filed this suit in the district court of Potter county to recover for personal injuries occurring on the 14th day of October, 1908. He alleges that the injury resulted because appellee's roadbed, being in a defective condition from rotten and worn-out ties, gave way, causing the track to spread, derailing the engine, causing the tank to turn over, thereby throwing appellant, who was engineer, under the tank. There was a trial before a jury, resulting in a verdict for appellee railway company, and the cause is before us on appeal.

At a former day of this term, upon motion of appellee, the appellant's statement of facts and bills of exception were stricken from the record. 143 S. W. 683.

The first assignment of error complains of the action of the court in overruling plaintiff's special exception No. 2 to defendant's first amended original answer. His fourth, fifth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, fifteenth, and eighteenth assignments assail the rulings of the court upon the admission of testimony. The thirty-fifth assignment insists that the judgment is unsupported by the evidence. The twenty-fourth, twenty-sixth, twenty-seventh, thirtieth, and thirty-second assignments assail various paragraphs of the court's charge.

[1] The remaining assignments of error filed in the lower court by appellant are not brought forward in the brief, and are therefore waived.

[2] In the absence of a statement of facts and bills of exception, we cannot consider an assignment of error based on the ruling of the trial judge upon special exceptions to pleading. Chicago, etc., Ry. Co. v. Barrett, 45 Tex. Civ. App. 73, 100 S. W. 800, writ of error denied by Supreme Court 102 Tex. 579; Harbert's Adm'r v. Henly, 31 Tex. 666.

[3] It is the further settled practice in this state that the rulings of the court below, upon the admission or rejection of evidence, must be presented by proper bill of exceptions. Phillips v. Texas Loan Company, 26 Tex. Civ. App. 505, 63 S. W. 1080, writ of error denied by Supreme Court 95 Tex. 684; Holt v. Cave, 38 Tex. Civ. App. 62, 85 S. W. 309, writ of error denied by Supreme Court 101 Tex. 641; Whitaker v. Gee, 61 Tex. 217.

In the absence of a statement of facts, this court cannot revise the rulings of the trial court in the admission or exclusion of evidence, for the reason that in most cases, without a statement of the whole evidence, it is impossible for the appellate court to determine whether or not error, if error there be, has operated to the prejudice of the appellant. We have no means of ascertaining the materiality of such testimony without facts necessary to show how it affected the appellant. Castellano v. Marks, 37 Tex. Civ. App. 273, 83 S. W. 729; Torrey v. Cameron, 74 Tex. 187, 11 S. W. 1088; Lockett v. Schurenberg, 60 Tex. 610; Missouri Pacific Ry. Co. v. Edwards, 75 Tex. 334, 12 S. W. 853; McCarty v. Wood, 42 Tex. 38.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[4] The general rule is further established that the action of the lower court, in giving or refusing instructions, will not be revised on appeal in the absence of a statement of facts. Pioneer Lumber Company v. Smither, 135 S. W. 705; Armstrong v. Lipscomb, 11 Tex. 649. The reason for the rule is that, where there is no statement of facts, we are unable to determine whether or not there is error, since the testimony, if before us, might show the appellee's right to recover, thus rendering any errors in the instructions immaterial. Oscar v. Oscar, 107 S. W. 554; McMullen v. Kelso, 4 Tex. 235; White v. Parks, 67 Tex. 605, 4 S. W. 245; Osborne v. Prather, 83 Tex. 208, 18 S. W. 613. There is an exception, however, to this rule found in cases where the error in the charge is so glaringly apparent, when construed in the light of the pleadings and the verdict, as to leave no doubt but that the finding of the jury was controlled by the improper instructions.

A careful consideration of the assignments above referred to, relating to the errors of the court in the main charge, shows that the matter therein contained is not erroneous or objectionable by reason of anything set forth in the pleadings. No issue is submitted to the jury not made by the pleadings. Hill v. Gulf, etc., Ry. Co., 80 Tex. 431, 15 S. W. 1099; Missouri, etc., Ry. Co. v. Waggoner, 109 S. W. 971; Blackburn v. Blackburn, 16 Tex. Civ. App. 564, 42 S. W. 132, application for writ of error dismissed by Supreme Court 93 Tex. 700. What has been said disposes of all the assignments briefed by appellant relating to the rulings of the court upon special exceptions, the admission of evidence, and alleged errors in the charge, as well as the ruling of the court upon the motion for a new trial.

We have reviewed the record for the purpose of ascertaining the existence, if any, of fundamental error, requiring a reversal; and failing to find any such error, and the above-named assignments not being supported by statement of facts and bills of exception, so as to enable us to pass upon their respective merits, the judgment of the district court is affirmed.