## PETERSON v. GILL et al.

### No. 4180.

Court of Civil Appeals of Texas. Texarkana.

May 28, 1932.

Rehearing Denied June 23, 1932.

1060

that the intention of the parties named was as stated.

That mistakes were made by the surveyor was demonstrated when an effort was made to apply the field notes to the situation as it was found to be on the ground. For instance, it will be noted that the second call in said field notes was S. 85 E. 952.4 feet to the right of way of the International & Great Northern Railroad, whereas it appeared in the evidence that the distance on the ground to said right of way was only 729.8 feet. Again it will be noted that the third call in said field notes was N. 57 E. 231 feet with said right of way; that the fourth call was north 1,419 feet to a corner in a road; and that the fifth, which was the last call, was to run "with road 17 chains (1,122 feet) to the place of beginning," whereas it appeared in the evidence that, if those calls were applied to the ground in the order they appeared in the field notes, the survey would not close. There was evidence, however, also uncontradicted, that by reversing calls in said field notes and making inappreciable changes in courses and distances called for, the survey could be made to close on the ground, and that same, when so closed, would contain the 38 acres the grantors in the deeds mentioned intended to sell and convey and the grantees intended to buy. Reversing calls in the field notes to make the survey close was permissible, and without specifically pleading same appellant had a right to have the mistakes shown to exist in the field notes corrected. Moore v. Loggins (Tex. Civ. App.) 114 S. W. 183.

The theory, on which the trial court held that the intention of the parties to convey the 38 acres should not be given effect, was based, it is assumed, on undisputed evidence showing that as actually made on the ground by the surveyor and recognized by the parties, the northeast corner and east line of the survey was 229.3 feet further west than distances called for in the field notes placed same. We do not think the recognition by the parties of the work done by the surveyor as correct was entitled to any weight in view of the fact that it conclusively appeared such recognition was due to mistakes of the surveyor referred to and in reliance on the verity of calls made in his field notes.

It is unquestionably true as a general rule that, in locating land when a survey thereof is shown to have been made on the ground, the footsteps of the surveyor making such survey should be followed so far as they can be identified by objects called for in his field notes and found on the ground. Dalby v. Booth, 16 Tex. 563; Bolton v. Lann, 16 Tex. 96. But the purpose of the rule, as

Smith, West & Gladney, of Henderson, for appellant.

Abney & Bath, of Henderson, and Ben B. Hunt, of Mexia, for appellees.

WILLSON, C. J. (after stating the case as above).

Appellant insists it appeared from uncontradicted evidence (1) that it was the intention of Gill to sell and convey to Flourey and of the latter to buy of the former the west 38 acres of the 131 acres of the R. W. Smith survey owned by Gill, and (2) the intention of Flourey to sell and convey to appellant and of appellant to buy the same 38 acres of Flourey; and that, if that intention was not effected by the deed from Gill to Flourey and the deed from Flourey to appellant, it was because of mistakes made by the surveyor, carried into his field notes and into the deeds by using such field notes to describe the land. We agree it so appeared

of all other rules for construing deeds and ascertaining boundaries of land described in them, is to aid in determining the intention of the parties, and it should not be allowed to so operate as to prevent the correction of obvious mistakes of a surveyor not to defeat such intention. "When this intention [of the parties] is once made manifest," said the Supreme Court in Woods v. Robinson, 58 Tex. 655, "all else must yield to and be governed by it."

As we view the record, the judgment should have been in appellant's instead of appellees' favor for the land in controversy. It will be reformed, and judgment will be here rendered awarding appellant a recovery of all the land he sued for.

#### On Motion of Appellees for a Rehearing and Request of Appellant for Additional Findings of Fact.

We think a proper disposition of the appeal was made when the record was first before us, and therefore overrule appellees' motion for a rehearing.

We agree with appellant in his contention that the finding of the trial court as to an agreed boundary line between Gill and Flourey and between Gill and Peterson was not warranted by the evidence, and find accordingly, as we did, in effect, when we set aside the judgment in appellees' favor. We are not satisfied that such a finding as that requested by appellant with respect to objects called for in the field notes made by surveyor Choice should be made, and therefore decline the request to make it.