## CORNELIUS CORBETT *v.* L. A. DUNCAN ET AL.

1. RETAILING LIQUOR. *Petition against license. Section* 1103, *Code* 1880, *construed.*
   Section 1103 of the Code of 1880 provides that petitions for license to retail vinous and spirituous liquors, after being presented and filed, shall lie over one month for consideration and the reception of counter petitions before being acted upon, and any name found on both petitions shall be counted against the granting of the license; and if in any supervisor's district or incorporated town, a majority of legal voters therein petition the board of supervisors or municipal authorities against the granting of license to retail spirituous liquors, then license shall not be granted to any applicant within the bounds of such district or incorporated town within twelve months after said petition is so presented. Where under this provision it is sought to prevent the issuance of *any* license to sell liquor for the period of twelve months, the petition must be signed by a majority of the legal voters within the supervisor's district or incorporated town, but where it is sought to prevent the issuance of such license to a *particular individual*, a single voter may intervene by counter petition for the purpose of raising any valid objection to its issuance.

2. SAME. *Petition counter, of less than a majority. Effect thereof.*
   But such counter petition of less than a majority of the legal voters can have

no other effect than to call the attention of the authorities to any defects on
the face of the petition, or to any facts which should prevent the issuance of
the license, except where the signers thereof .have also signed the petition
for license, in which case their names must be counted against the applica-
tion for license.

3. SAME.   *Petition for license.   What to contain.*
When a petition for license to retail vinous and spirituous liquors in less quan-
tities than one gallon sets out in the language of ? 1103 of the Code of 1880,
"that the applicant is a sober and suitable person to receive such license,"
but fails to "recommend him to be of good reputation," as required by that
statute, such petition is insufficient.

4. SAME.   *Certiorari to municipal authorities.*
A writ of *certiorari* may be awarded by the circuit court to correct errors of law
apparent on the face of the record of the proceedings of municipal authori-
ties in relation to petitions for and against the issuance of a license to retail
vinous and spirituous liquors, where no appeal is given in such case by
statute.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

On the 30th day of May, A. D. 1885, Cornelius Corbett pre-
sented to the Board of Mayor and Aldermen of the City of Meri-
dian a petition, as follows, to wit: " The undersigned citizens and
legal voters of the city of Meridian respectfully recommend Cor-
nelius Corbett as a suitable and sober person to retail vinous and
spirituous liquors, at his place of business on the northwest cor-
ner of Johnson and Sidney Streets. We recommend him as being
a person of good moral character, and pray that he be granted
license therefor upon his complying with the statute in such cases
made and provided." To this petition there were signed six hun-
dred and thirteen names, which names Corbett claimed included a
majority of the legal voters of the city of Meridian. It remained
on file thirty days, and on the 30th of June following the filing
thereof a special meeting of the board of mayor and aldermen
and also of the board of city councilmen was called to consider
the same. A counter petition, signed by L. A. Duncan and
twelve other citizens and legal voters of the city of Meridian, and
praying that license be not granted to Corbett, was presented.

Both boards, after due consideration of the petitions, decided that Corbett's petition met the requirements of the law, rejected the counter petition, and granted the license, after having overruled numerous objections raised by the counter petitioners.

At the July term, A. D. 1885, of the Circuit Court of Lauderdale County, the counter petitioners prayed and were awarded a writ of *certiorari* requiring the boards of mayor and aldermen and of councilmen to send up a full and complete transcript of their proceedings in relation to Corbett's petition. The circuit judge, after a full hearing, reversed the action of the boards and rescinded the license granted to Corbett, whereupon Corbett appealed to this court.

*Woods & McIntosh,* for the appellant.

1. The motion of defendant below to quash the writ of *certiorari* should have been sustained.

Our statutes, Code of 1880, provide for appeal by *certiorari* in only two cases: (1.) In the "Landlord and Tenant Act," § 1344, which does not apply in this case, but *it* does provide: "Upon such *certiorari* the circuit court shall have power to examine into the correctness of all the decisions of the officer before whom the proceedings were had *upon questions of law only.*" (2.) In § 2358, which provides for appeal by writ of *certiorari* from a judgment of a justice of the peace, it provides: "And in any cause removed by *certiorari* under this act, the court *shall be confined to the examination of questions of law arising or appearing on the face of the record or proceedings,*" etc.

In the case of *Deberly* v. *The President and Selectmen of Holly Springs,* 6 Geo. 387, the court holds "that the rule at common law is, that none but a party to the record or judgment can maintain the writ of *certiorari* on an appeal; but, they say, by virtue of the statute (Hutch. Code, 712, § 45), it shall and may be lawful for all persons who feel themselves aggrieved by the judgment of the *board of police* of any county to appeal, by bill of exceptions or *certiorari,* to the circuit court of his county." There is in our State *to-day* no statute authorizing appeal by *certiorari* from the judgment of a municipal court by *persons feeling* them-

selves aggrieved, hence the common law rule prevails that a stranger can have no standing in court in such matters. See *Duggen* v. *McGruder*, 12 Am. Dec. 530, bottom of page, and *Bath Bridge Co.* v. *Magoun*, 8 Grenl. 292.

2. The record shows that the counter petition contained only thirteen names. It was evident, therefore, that it was not a majority of the legal voters resident in Meridian. The statute, § 1103, provides that only when the counter petition contains a majority of the legal voters it can defeat the petition.

*Hardy & Miller*, for the appellees.

1. As to the right to have the proceedings of a municipal corporation reviewed by writ of *certiorari* there is no question; that is, where no appeal is given by statute. 1 Dillon on Mun. Corp., §§ 440 *et seq.*; *Holberg* v. *The Town of Macon*, 55 Miss.

No right of appeal is given by statute from any action had by the municipal authorities of the city of Meridian, and the only remedy is by writ of *certiorari*.

2. The act of the municipal authorities of the city of Meridian in granting licenses to retail vinous and spirituous liquors is a judicial act.

3. The petition is not in the form prescribed by § 1103 of the code. Petitioner is nowhere recommended as being "of good reputation, and a sober and suitable person to receive such license."

The petition states that "he is a suitable and sober person to retail vinous and spirituous liquors at his place of business, on the northwest corner of Johnson and Sidney Streets."

COOPER, C. J., delivered the opinion of the court.

Section 1103 of the Code of 1880 authorizes one or more legal voters of any town or city in which license is sought to be obtained to retail vinous or spirituous liquors to interpose his or their objections to the grant of such license, by exhibiting a counter petition to the proper authorities. It is not necessary that counter petitions shall be signed by a majority of the legal voters of such towns. Where it is sought to prevent the issuance of a license to any party whatever, during a period of twelve months after the presentation

of a petition, it is then necessary to have a majority of the legal voters join in the counter petition ; but where a particular application only is sought to be defeated, a single voter may intervene, and, intervening, he may insist upon any valid objection to the grant of the license. Such counter petitions of less than a majority can have no legal effect as such, unless it be signed by voters who have signed the petition for license, in which event the names so appearing upon both the petition and counter petition are to be counted against the petitioner; but it is a convenient and proper method of calling the attention of the authorities to any defect appearing upon the face of the original petition, or of suggesting any fact by reason of which the license should not be granted. There is no appeal provided by statute from the decision of the corporate authorities, and since there is no other remedy, and since their action is quasi judicial, *certiorari* may be awarded to correct all errors of law apparent on the face of the record. *Allen* v. *Levee Commissioners,* 57 Miss. 163 ; 2 Wait's Actions and Defenses 134.

It is unnecessary to consider all of the various objections taken to the action of the corporate authorities since we are enabled to satisfactorily dispose of the case upon the insufficiency of the petition upon which the license was sought. The code, § 1103, declares that no license shall be granted to any person to retail spirituous or vinous liquor in less quantities than one gallon, " unless the applicant shall first produce a petition for the issuance of such license, and recommending the said applicant *to be of good reputation,* and a sober and suitable person to receive such license." The petition by which the appellant supported his application represented him to be a sober and suitable person to receive the license, but it does not contain any representation that he is a person of good reputation, as the statute requires. It may be that these petitioners believed that a man who was sober and suitable to retail liquor was necessarily a man of good reputation, and therefore they omitted to add the statutory certificate required as surplusage; but, on the other hand, it may be that they were unwilling to certify that the applicant was of good reputation in the community, but was, nevertheless, in their opinion, a suitable man to receive a license to re-

tail.   However this may be, it is manifest that the petition wholly fails to conform to a positive requirement of the statute in a matter which we are not justified in treating as immaterial.

   *The petition was insufficient, and the judgment is affirmed.*

