### A. LOEB & CO. *v.* L. A. DUNCAN ET AL.

1. RETAILING LIQUOR.   *Petition for license.   Recommendation of firm.*
    Under § 1103 of the Code of 1880, which requires all petitions for license to
    retail liquors to set out that the "applicant is of good reputation and a sober
    and suitable person to receive such license," a petition which states that a
    certain firm, as A, B & Co., without giving the individual names of the firm,
    "are of good reputation and sober and suitable persons to receive such
    license," is not good, because of the failure to set out the individual names
    of the firm.

2. SAME.   *Certiorari to municipal authorities.   Where awarded.*
    Where municipal authorities grant a license to retail vinous and spirituous
    liquors on a petition on its face insufficient, a writ of *certiorari* may be
    awarded by the circuit court in order to review the proceedings of such
    municipal authorities, on the application of any person who has duly filed a
    counter petition.   *Corbett* v. *Duncan, ante,* page 84, cited.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

A. Loeb & Co. filed a petition for license to retail vinous and
spirituous liquors within the limits of the city of Meridian.   The
petition recommended "A. Loeb & Co. to be of good reputation
and sober and suitable persons to retail vinous and spirituous
liquors."   To this L. A. Duncan and twelve others, citizens and
legal voters of Meridian, filed a counter petition.   The boards of
mayor and aldermen and councilmen of Meridian, after consider-
ing the matter, granted license to A. Loeb & Co. on this petition.
L. A. Duncan appeared before the judge at the next term of the
circuit court, and prayed a writ of *certiorari*, in order to bring up
the proceedings, whereby license was granted to A. Loeb & Co.,
for review in the circuit court, which was awarded.   The circuit

judge, after a full hearing, rescinded the license, whereupon A. Loeb & Co. appealed to this court.

*Woods & McIntosh,* for the appellants.

When the petition of the applicant for license embodies the requirements of the statute, § 1103, that is, "recommends the applicant to be of good reputation and a sober and suitable person to receive such license," then, so far as that point is concerned, the city authorities need introduce no proof, but are authorized to treat the applicant as "well qualified" for the business, of good reputation, sober, and suitable. In this case the petition of the legal voters does represent A. Loeb & Co. to be of good reputation, sober, and suitable. Hence, we say it is immaterial who or how many composed the firm of A. Loeb & Co., for the presumption is that the signers of the petition knew who composed the firm.

*Hardy & Miller,* for the appellee.

The petition is for A. Loeb & Co., without stating who compose the firm. There may be one or a half dozen persons interested in the firm, and as either one would have the right to carry on the business, it is important that their names be disclosed in the petition, that the court may judge of the reputation of the applicants and their fitness to receive license to retail.

COOPER, C. J., delivered the opinion of the court.

The right of the appellees to invoke the aid of the court, and the power of the circuit court to correct the errors of the inferior tribunal by *certiorari,* rest upon the same facts substantially as those disclosed in the case of *Corbett* v. *Duncan, ante,* page 84, and what was there said is applicable to this case. This is a petition by the firm of Loeb & Co. for a license to retail liquor in the town of Meridian, and the petition filed by them and signed by the voters of the town recommended "A. Loeb & Co. to be of good reputation and sober and suitable persons to retail vinous and spirituous liquors, etc." It does not appear by the petition who composed the firm of Loeb & Co., and this we think was a fatal defect. A firm cannot be said to be a person of good reputation, nor can it be said that it is a sober person. The members of the

firm may be persons of good reputation and sober and suitable persons to receive a license to retail, and where application for license is made by a firm, the recommendation should be of the persons of whom the firm is composed. Under the statute one who applies for a license to retail puts his personal character in issue, and his application must remain open for the period of thirty days in order that all the legal voters of the town may have opportunity to contest his right to the privilege. One desiring to file a counter petition to that exhibited by the applicant must know who the applicant is before he can intelligently act to defeat the grant of license, and the statute contemplates that he shall have such knowledge from a mere examination of the petition itself; he is not expected to explore a city to learn who is applying for the privilege of retailing. The evident policy of the statute is to restrict the sale of liquors, and this it does both by imposing onerous burdens upon the retailer, and by inviting opposition to the application for license.

Licenses to prosecute a lawful and harmless vocation are required purely as a means to raise revenue, and are demandable as a matter of right by any one who will pay therefor, but licenses to retail intoxicating liquors may be secured only upon the recommendation of the *person* applying by a majority of the legal voters of the municipality, and a recommendation of the firm or of the members who compose it, without stating who they are, is not such a recommendation of the person as is contemplated by the statute.

*The judgment is affirmed.*