G. B. ROGERS ET AL. *v.* P. J. HAHN ET AL.

1. LIQUOR LICENSE. *Counter-petition. Time for presenting. Section* 1103, *Code* 1880.

Under § 1103, Code of 1880, which provides that all petitions for license to retail liquor "shall lay over one month for consideration, and the reception of counter-petitions, before being acted upon," counter-petitions may be presented at any time before the granting of license, though after the expiration of the month during which the petition for license is required to lie over.

2. SAME. *Petition therefor. What names counted. Record on appeal.*

Under § 1103 of the Code of 1880, a license to retail liquors should not be granted unless the petition therefor contains a majority of the names of all the legal voters within the city, town, or district for which the license is sought, exclusive of all names appearing on the counter-petitions. And if the record of proceedings granting such license fails to show affirmatively that the petition therefor contained the requisite majority, this court will, upon appeal, reverse the action of the authorities in granting the license.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

On the 20th of November, 1885, Philip J. Hahn filed ·a petition for license to retail vinous and spirituous liquors in the town of Woodville. On the 21st of December following the board of mayor and aldermen met and proceeded to consider the petition. G. B. Rogers and others, signers of a counter-petition, were present and raised various objections to the granting of the license. When the name of one J. P. Ware was reached in the count of the names on the petition, a counter-petition was presented which contained his name and the names of others who were also signers

of the petition for the license. The board declined to receive the counter-petition because it had not been presented within the month during which the petition was required to lie over, and granted a license to Hahn. Thereupon G. B. Rogers and others, signers of the counter-petition, obtained a writ of *certiorari*, and the record of the proceedings of the board of mayor and aldermen was presented to the circuit court, where it was contended that the license was improperly granted, because the board rejected the counter-petition wrongfully, and the names appearing on it and also on the petition were improperly counted in making up the majority for the petition for license. The record nowhere shows that without counting such names there was a majority of the qualified voters of Woodville for the license. The circuit judge sustained the granting of the license. The counter-petitioners appealed.

· *W. P. S. Ventress*, for the appellants.

The record cannot show that there is a majority of the legal voters signed to the petition for license if it shows that names were counted for license that appear on counter-petitions and that should have been counted against the issuance of license to retail.

The counter-petitions should have been received and the names thereon that appear upon both petitions should have counted. against license. Code 1880, § 1103. It is within the intendment of this section that counter-petitions should be received and con-- sidered at any time in the progress of the proceedings to grant license before the order granting license is made.

*C. P. Neilson* on the same side.

The board rejected the counter-petitions "presented," because· presented too late. They counted the names appearing on both petitions in favor of the license, disregarded the counter-petitions altogether. This was error. Counter-petitions are nowhere required to be filed. The language is the "reception" of counter-petitions. Reception by whom? The board of aldermen when the· case comes up for consideration.

The board arrived at the conclusion that· Hahn "had on his·

petition the names of ninety-four legal voters, which was more than a majority," and granted the license.

In the ninety-four are included the names on the counter-petition. If they are deducted the petition did not contain a majority of legal voters, and the board had not jurisdiction to grant the license.

*T. V. Noland & A. G. Shannon,* for the appellees.

The board had met to consider the petition of the legal voters, and were then considering it when for the first time appellants proposed to interrupt the same by presenting counter-petitions of which Hahn, the petitioner for license, could have had no notice whatever up to that moment, and was thus left without time or opportunity to look into the genuineness and integrity of the same, by consultation with or inquiry of the alleged signers of such counter-petitions. But if this position be not correct, it was clearly too late under the statute (§ 1103, Code 1880), which provides that counter-petitions shall be presented within the month that the original petition is required to lay over. After that time has elapsed it is clear that no counter-petition can be received.

CAMPBELL, J., delivered the opinion of the court.

The *certiorari* brought into view the record of the mayor and aldermen, which, with needless and unusual particularity, shows the several rulings of the body, and among others that the counter-petitions were not in time, because not presented within the month for which the petition for license was required to lay over.

This is an erroneous view. A counter-petition is in time as long as the petition for license is not granted. License should not be granted if at the time of granting it does not appear affirmatively that a majority of the legal voters required are petitioners for it. From this record, as made by the mayor and aldermen, we are not able to see that a majority of the legal voters of Woodville were petitioners for the license when it was granted.

*The judgment of the circuit court is reversed, and the order of the mayor and aldermen granting license is annulled.*