BOARD OF SUPERVISORS OF DE SOTO COUNTY *v.* PIDGEON-
THOMAS IRON COMPANY.

[75 South. 117, Division B.]

1. COUNTIES. *Acts of supervisors. Appeal.*
    Appeals to the circuit court only lie from the judicial acts of
    the board of supervisors and the remedy for enforcing or pre-
    venting administrative acts of the board is either mandamus in-
    junction or prohibition.

2. SAME.
    The refusal of the county board of supervisors to transfer the *ad
    valorem* road fund to the district road bond fund for payment
    of work in constructing good roads under Laws 1912, chapter 145,
    is an administrative act from which an appeal does not lie to
    the circuit court.

APPEAL from the circuit court of De Soto county.
HON. E. D. DINKINS, Judge.

Petition by Pidgeon-Thomas Iron Company to the
Board of Supervisors of De Soto County. From an or-
der of the board adverse to petitioner, it appealed to
the circuit court where it had judgment and from this
judgment the board of supervisors appeal.

*R. L. Dabney,* for appellant.

*Wilson & Armstrong* and *L. E. Farley,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal by the board of supervisors from a
judgment of the circuit court of De Soto county ren-
dered on an appeal from an order of the board of su-
pervisors declining to transfer the *ad valorem* road
fund to the district road bond fund for the payment
of work in constructing good roads under chapter 145,
Laws 1912, in district No. 2 of De Soto county, and is

identical with the case of *Board of Supervisors* v. *Weatherford*, 75 So. 114, this day decided, except that this is not a petition for mandamus, but was a petition filed with the board of supervisors setting forth substantially the allegations of a petition for mandamus in the case referred to, and asking the board to transfer the funds from the "maintenance fund" to the "road bond fund," and to pay the claims of the appellee for material furnished the county in the construction of good roads under chapter 145, Law 1912, and both cases are governed by the same principles, except in this case there is presented the question as to whether an appeal from the board of supervisors to the circuit court will lie in this case, or whether mandamus or some other remedy was the proper, or exclusive, remedy for presenting the questions to be determined in these cases.

We are of the opinion that an appeal from the board to the circuit court does not lie on the facts contained in this record. Appeals only lie from the judicial acts of the board of supervisors to the circuit court, and the remedy for enforcing or preventing administrative acts of the board is either mandamus, injunction, or prohibition. In a court of law mandamus will lie to compel the performance of a public duty enjoined by law, and prohibition will lie to prevent the performance of an act which the board or officer has no authority to perform. In the chancery court injunction may be resorted to under appropriate allegations. The powers sought to be compelled in this case are not the exercise of judicial powers by the board, but powers administrative embodying both legislative and executive elements. The circuit court, therefore, was in error in assuming jurisdiction and granting the relief granted by the judgment in this case. The judgment will be reversed, and the appeal dismissed.

*Reversed and dismissed.*