MOHUNDRO et al. v. BOARD OF SUP'RS OF TIPPAH COUNTY.

(Division B. Jan. 13, 1936.)

[165 So. 124. No. 32002.]

B. N. Knox, of New Albany, for appellants.

514

**Fred B. Smith** and **Orbrey Street,** both of Ripley, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellants, who under the authority of chapter 171, Laws 1934, were engaged in the sale of beer and light wines in Tippah county, undertook to prosecute an appeal by certiorari from an order of the board of supervisors of the county, providing for an election by the qualified electors of the county to determine whether such sales should be abolished. The election was held, resulting in the abolition of such sales. On motion of appellee the circuit court quashed the writ of certiorari and entered a judgment dismissing the cause. From that judgment appellants prosecute this appeal.

In the early part of December, 1934, there were filed with the clerk of the board of supervisors thirty-seven petitions asking the board to order an election submitting to the qualified electors of the county the question as to whether the sale of beer and light wines should be discontinued. At the February, 1935, meeting of the board an order was entered on its minutes providing for the election as prayed for to be held on the 10th day of April of the same year. Appellants, who had license to sell, and were engaged in the sale of, beer and light wines in the county, applied for and obtained an appeal from the order by writ of certiorari without supersedeas. The election was held as ordered, and resulted against the further sale of those beverages.

The day after the election, the circuit judge issued a writ of supersedeas upon the appellants giving the bond required. The cause was heard at the next term of the circuit court on the motion to quash the writ and dismiss the cause.

Section 2 of chapter 171, Laws 1934, provides, among other things, that an election to determine whether the transportation, storage, sale, distribution, or manufacture of such beverages should be discontinued in a county shall be held on petition of twenty per cent of the duly

qualified electors of a county on the order of the board of supervisors thereof, and, if the majority of the qualified electors of the county vote in the affirmative, such business shall not thereafter be permitted, and no election shall be held in any one county oftener than once in two years.

For the purposes of this decision, it is only necessary to state that the petition for certiorari averred that less than twenty per cent of the qualified electors of the county petitioned for the election, and also that less than a majority of the qualified electors of the county voted to discontinue the traffic. The writ of certiorari was quashed on motion. The judgment of the court was based on the ground that the action of the board in ordering the election was not appealable because it was not judicial in its nature but merely ministerial. We think the question is ruled against the judgment of the court by Power, Secretary of State v. Robertson, State Revenue Agent, 130 Miss. 188, 93 So. 769; Ferguson v. Board of Sup'rs of Monroe County, 71 Miss. 524, 14 So. 81; Corbett v. Duncan, 63 Miss. 84; Loeb v. Duncan, 63 Miss. 89; Rogers v. Hahn, 63 Miss. 578.

In the Power case the court held that the secretary of state, in determining whether the initiative and referendum petitions contained the required number of qualified electors of the state, acted judicially, and there was therefore the right of appeal from his action by writ of certiorari. In the Ferguson case it was held that, in determining whether a petition for a local option election was signed by the required number of qualified electors in the county, the registration books were not conclusive evidence that the persons registered were qualified electors; that the board of supervisors should take the registration books merely as showing the possible qualified electors, reject from the petition those not registered and also those registered if not otherwise qualified voters, and also that any name on the petition should be rejected

if not signed in the handwriting of the petitioner or by his proper mark. In the Corbett and Loeb cases it was held that the municipal authorities of a town, in deciding the question whether a petition for liquor license was signed by the requisite number of qualified electors, acted in a quasi judicial capacity. In the Rogers case the court held that the municipal authorities of a town should not grant a liquor license unless the petition contained a majority of all the registered voters, and, if the petition failed to show such majority, the writ of certiorari would lie in favor of any qualified elector of the town.

Appellee relies on authorities from other jurisdictions, some of which appear not to be in line with the above cases, and makes the contention that, if there be a conflict, the decisions of our court are unsound and ought to be overruled. We cannot accede to that view.

The entering of the order for the election is the entering of a judgment, notwithstanding such judgment is mandatory if the required facts authorizing it exist. The finding of the necessary facts to authorize the judgment and the entering of the judgment are both judicial actions. In determining whether the required number of qualified electors had petitioned for an election, appellee was acting judicially, although only one judgment could be entered if the required number had petitioned. The trial courts—the circuit judges, chancellors, county judges, and justices of the peace—can, under the law, enter only a certain judgment where the facts are undisputed or found to be a certain way. In the finding of the facts they act judicially as well as in entering their judgments.

Among the authorities relied on by appellee is Louisville & N. R. Co. v. Garrett, 231 U. S. 298, 34 S. Ct. 48, 58 L. Ed. 229. That case is not in point. The court held that the Kentucky statute conferring on the railroad commission of that state the power to regulate railroad

rates was not judicial in its nature but administrative. We believe the courts of this country are unanimous in holding that the supervision of common carriers through a commission is administrative action and not judicial. The Supreme Court of the United States merely recognized that well-established principle in the Garrett case. 10 C. J., section 40, page 54.

Appellee takes the position that, if its action was judicial or quasi judicial, appellants' only remedy was by appeal under section 61, Code 1930, by means of a bill of exceptions embodying the facts and decisions, and not an appeal by certiorari. There is no merit in this contention. Section 72 of the Code provides for appeals by certiorari from judgments of justices of the peace within six months under the conditions therein named. Section 73 provides that like proceedings as provided for by section 72 may be had to review the judgments of all tribunals inferior to the circuit court, "whether an appeal be provided by law from the judgment sought to be reviewed or not." The plain meaning of this section is that even though there be an appeal from a judgment under section 61, that remedy is not exclusive, but there may also be an appeal by certiorari under section 73.

Reversed and remanded.