GREEN v. ALCORN COUNTY.

(In Banc. Feb. 9, 1942.)

[6 So. (2d) 130. No. 34806.]

Cary Stovall, of Corinth, for appellant.

W. C. Sweat, of Corinth, for appellee.

**McGehee, J.**, delivered the opinion of the court.

On May 31, 1941, the appellant obtained a license to sell beer at retail in his place of business, which was located in the Goosepond Separate School District, about seventeen miles from the City of Corinth in Alcorn County, where he was then completing the erection of a building for operating a gasoline filling station, also to be occupied as living quarters for himself and family. Two days later, a petition signed by a majority of the citizens of the school district and patrons of the Goosepond School was presented to the board of supervisors of the county asking that the building "now being erected for the purpose of selling light beer and wines be declared a nuisance." Thereupon, an order was passed by the board excluding the sale of such beverages from the entire school district, and upon a hearing held in connection therewith, at which the appellant and other witnesses testified before the board, it was found and adjudicated that the distance to the nearest residence from the appellant's place of business is one-half mile; that the next nearest is three-quarters of a mile; that the next nearest is one mile; that it is one and one-half miles to the said Goosepond Public School, and approximately the same distance to the nearest church. The board further found as a fact that the school district does not provide transportation

for the students attending the Goosepond School, that it has no regular school routes and that no school children going to or coming from school pass by the appellant's place of business, either walking or riding, when going to that or any other school; that the school is located in a rural area where the territory is not more thickly populated than any other rural area of the county; that the two justices of the peace and constable of the supervisors' district in which the school district is located now reside five or six miles away; that the appellant's place of business is located on new Highway No. 72, which had been used less than a year; that the appellant was the only authorized beer dealer in the fifth supervisors' district of the county; and that he had been selling beer therein only since May 31, 1941.

The foregoing facts were all embodied in the bill of exceptions taken by the appellant on his appeal to the circuit court, where the order of the board of supervisors in question was approved and affirmed.

Chapter 171, Laws of 1934, which legalizes the sale of light wines and beer of a certain limited alcoholic content, and provides that if any county, at an election held for the purpose under the election laws of the state, shall, by a majority vote of qualified electors voting in the election, determine otherwise, the same should not be permitted therein, also contains a provision (Sec. 18 of the Act) to the effect that: ''Municipalities may enforce such proper rules and regulations for fixing zones and territories, prescribing hours of opening and of closing, and for such other measures as will promote public health, morals, and safety, as they may by ordinance provide, and the board of supervisors of any county may make such rules and regulations as to territory outside of municipalities as are herein provided for municipalities.''

It is contended by the appellant that the foregoing provisions of the statute do not confer upon the board of supervisors authority to prohibit, but only confers the power to regulate the sale of light wines and beer within

prescribed zones by fixing the hours of opening and closing and adopting such other measures as may be deemed necessary to govern the business in question, and we are asked to reexamine the decision in the case of Alexander v. Graves, 178 Miss. 583, 173 So. 417, holding that the authority exists not only for fixing zones and territories but for prohibiting such sales therein. That case was heard upon a petition for a writ of prohibition and demurrer thereto, and the court observed in its opinion that no facts were stated in the petition showing that the order was unreasonable. The court, however, recognized the principle that the exercise of the powers conferred by this provision of the act must be based upon reasonable conditions—some basis of fact ascertained by the board which would have a material bearing upon the question at issue.

While it is true that the "courts will not interfere with boards of supervisors in the lawful exercise of the jurisdiction committed to them by law on the sole ground that their actions are characterized by lack of wisdom or sound discretion" as announced in the case of Monroe County v. Strong, 78 Miss. 565, 29 So. 530, nevertheless, it is the duty of the court to review an order such as the one here involved for the purpose of determining whether it has any substantial support under the facts disclosed as a reasonable exercise of the powers delegated to the board by the legislature.

From the facts hereinbefore disclosed, it will be readily seen that if this order should be upheld it would necessarily follow that the board of supervisors could exclude the sale of light wines and beer from every school district in the county, thereby nullifying Chapter 171, Laws of 1934, legalizing the sale of such beverages unless an election is held throughout the county outlawing the same, since there is a community center, including a school and church, in most every school district in the state. We do not think that the legislature intended to vest this power in the board of supervisors in the absence

of an election so requiring its exercise. It should be noted that we do not have before us a case where the board of supervisors has adopted an order based upon reasonable grounds prohibiting the sale of light wines and beer merely within a limited area adjacent to a church or school, specifying such distance, but rather an order prohibiting the same in the entire school district.

Reversed and remanded.