BOARD OF SUPERVISORS, TISHOMINGO COUNTY, *v.* BLISSITT
*et al.*

(In Banc. Oct. 28, 1946. Suggestion of Error Overruled Nov. 25, 1946.)

[27 So. (2d) 678. No. 36191.]

**Clark & Clark,** of Iuka, for appellant.

648

W. C. Sweat, of Corinth, for appellees.

650

Argued orally by **T. A. Clark**, for appellant, and by **W. C. Sweat**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Section 8314, Code 1942, so far as material to the issues before us, reads as follows: "When any person shall desire to have a public road other than a road being main-

tained by the state highway department laid out, altered or changed, a petition shall be presented to the board of supervisors of the county, signed by ten or more freeholders or householders of the county interested in the road, setting forth the commencement and termination and general course thereof, and that the public interest or convenience requires the road to be laid out and opened or altered or changed, as shown in the petition;'' etc.

Nineteen persons as freeholders or householders of the county presented a petition to the Board of Supervisors of Tishomingo County praying that a public road as therein described and as hereinafter indicated, be laid out, the petition containing every averment required by the statute. The two persons concerned who were opposing the petition were made parties; they appeared and made their objections in writing; the Board set a day and heard the matter, at the concluson of which they entered an order sustaining the petition. The order which was duly spread on the minutes expressly adjudicated in the affirmative every jurisdictional fact, including the two issues that the petition was signed by ten or more freeholders or householders of the county interested in the road and that the public interest or convenience requires the road to be laid out and opened up. The objectors appealed on a bill of exceptions to the circuit court which reversed the order of the board, and the board has appealed to this Court. The two points argued on this appeal, and the only two, are those last stated. The bill of exceptions contains a complete transcript of all the evidence presented before the board.

The local community called Midway, in Tishomingo County, is located on Highway 25, which runs approximately north and south at the particular location in question and then beyond Midway on into the county seat at Iuka. At Midway there is a church, a school, and a country store, there being none other within that immediate territory so far as the record shows. Traveling south

from Midway on Highway 25 for a distance of about one and one-half miles a point is reached near the southwest corner of Sec. 23, Tp. 4, R. 10 E., at which point a road running east and west to and from the Salem community intersects Highway 25.

The general location of the Salem community, judging from the two maps introduced in evidence, appears to be about two to three miles east of the intersection last mentioned.

The road petitioned for would extend across and along the north line of the W½ of NW¼ said Section 23, and according to one of the maps, would there connect with a road which begins approximately at the northeast corner of the W½ of NW¼ and extends thence in a direction to the southeast emerging from the section at about the northeast corner of the SE¼ of the SE¼, whence it continues in the same general direction to where it strikes the east and west road running from the Salem community to Highway 25, already mentioned.

The maps in evidence would show on their faces that the opening of the proposed road would make the distance to be traveled by the residents of the Salem community about one-half a mile shorter to reach the church, school, and store at Midway and then on to the county seat than to go to the point at the southwest corner of Section 23, and further to support the finding of the board there is ample oral testimony from witnesses to that effect, although there is a dispute as to distance. We must accept the finding of the board since it is thus supported.

There is no contention that the five householders who live on the road within Section 23 are not interested petitioners; but the argument is that those residing in the Salem community are not interested within the meaning of that term as used in the statute, and that inasmuch as at least five of the petitioners who live in the Salem neighborhood must be counted to make the necessary ten, the petition should have been dismissed.

What is now the quoted Section 8314, Code 1942, first appeared in substantially the same language as Art. 1, Chap. 15, Code 1857, approximately ninety years ago, and although hundreds upon hundreds of public roads have been laid out and opened up under it, the Court has never been called upon to define what is meant by the phrase "interested in the road,"—this being, as noted, a required qualification of the petitioners for it. And for a long number of years the same or similar language has appeared in the statutes of a number of other states, but we do not find that any definition of the term as applied to the petitioners has been laid down in any of them. And we do not consider that we are called upon to venture any precise definition now, it being necessary to say only that the statute was intended for a popular, rather than a technical use and must be interpreted therefore as the body of the people would understand it. With this interpretation it would not do to say otherwise than that householders in a given community who would gain half a mile by a new road going to church, to school, to the neighborhood store, and to the county seat, would be interested in that road.

The issue whether there were as many as ten qualified persons who signed the petition was a preliminary jurisdictional question, judicial in character, but the determination of that issue by the Board has the same force as the verdict of a jury and we have already called attention to the fact that there was testimony sufficient to sustain the finding of the Board as to the saving in distance for householders near enough to be interested therein; and this, as we see it, puts an end to the matter as regards the jurisdiction of the Board to enter upon the consideration of the petition upon its merits.

It is insisted by appellees as their second point and upon the merits that the testimony taken before the Board and transcribed in this record is not sufficient to show that "the public interest or convenience requires the road to be laid out and opened . . . as shown in the petition," etc. In approaching this question it must be re-

membered that under Section 170, Const. 1890, and except as to state highways, "full jurisdiction over roads" is conferred on the board of supervisors "to be exercised in accordance with such regulations as the legislature may prescribe." Under that section the legislature may regulate the exercise of the discretion of judgment of the board in matters of the public roads but may not circumscribe that discretion in such a manner as, in practical substance, to take it away. Hence the aptness of the language in Strahan v. Attala County, 91 Miss. 529, 44 So. 857, that a petition to open a new road is peculiarly within the discretion of the board,—speaking, of course, as to the merits of the petition.

On the merits, that is to say whether the public interest or convenience requires the road to be laid out, there is presented what is in no sense a judicial question. It is an administrative problem, legislative in its nature. In considering such an issue it is said that as a general proposition the strict rules of evidence which prevail in trials before juries are not applicable; but the extent to which exceptions to the ordinary rules of judicial evidence may be carried in such cases is a feature of the law which today is in the course of development, and so far as we have been able to find has not yet been definitely prescribed by any dependable weight of authority. And such a prescription should not be attempted without sustained argument directed to the point and there has been none such here. It will be sufficient so far as the present case is concerned to point out that when a tribunal acts judicially and has ascertained the facts, the law directs ordinarily that a certain judgment is to be rendered, while on a hearing of the nature here under consideration, so far as concerns the merits, when the facts are known or ascertained, even if under the strict rules of judicial evidence, the judgment to be rendered is still a matter of discretion involving perhaps as many as a dozen administrative considerations whether a particular judgment shall or shall not be entered. See 39 C. J. S., Highways, Sec. 27, pages 946, 947.

It must be at once apparent therefore that the province of a judicial review of the discretion of the board in deciding the question whether the public interest or convenence requires the laying out of a new road must have its limitation in the inquiry whether in the situation in hand there was any reasonable basis for the action of the board, and unless it can be said that manifestly no such basis exists, the courts have no business in the matter. Our conclusion is that in the present situation it is not within our province to interfere.

The judgment of the circuit court is reversed and the order of the Board of Supervisors will be affirmed.

Reversed, and judgment here for appellant.

**Sydney Smith, C. J.**, did not participate in this decision.