BOARD OF SUPERVISORS CLAY COUNTY *v*. McCORMICK, et al.

In Banc. Sept. 26, 1949.

No. 37160   (42 So. (2d) 177)

**N. H. Malone,** for appellant.

218

B. H. Loving, and W. W. Pierce, for appellees.

**Montgomery, J.**

The Board of Supervisors of Clay County passed an order prescribing the hours of opening and closing of places for the sale of beer, outside of the municipalities in the county, so as to prohibit the sale of beer or wine between the hours of 9:00 o'clock p. m. and 7:00 o'clock a. m. and all day on Sunday. The appellees, T. J. Mc-Cormick, W. A. Gaines and John Portera, at and before the time of the passage of said order by the Board of Supervisors, held permits to sell beer or wine and were accustomed to keep their places open after 9:00 p. m. and all day Sunday for the sale of beer and the conduct of a restaurant business in which all three were engaged. There was no petition filed with the Board of Supervisors requesting them to pass the order but same was passed and placed upon the minutes without any hearing,

and without notice permitting interested parties to appear and object, if they so desired. The appellees appealed the order of the board to the circuit court, under the provisions of Section 1195, Code of 1942. The county there made a motion to dismiss the appeal which was by the circuit court overruled and the court thereupon held the order of the Board void and of no effect. The Board of Supervisors appeals here.

There are two questions presented to us for decision, viz. (1) Does an appeal lie from the Board of Supervisors to the circuit court on an order such as is here involved, and if so, then (2) was the order complained of a valid exercise of a lawful power vested in said board?

Appeals from the judgments and decisions of the Board of Supervisors are allowed to aggrieved persons by the terms of Section 1195, Code of 1942. Back before the time when administrative boards had been developed to their present number and power, this Court held that appeals under what is now Section 1195 of the Code of 1942 lie only from the judicial acts of the Board of Supervisors to the Circuit Court.

Section 10224 provides as follows: ''Municipalities may enforce such proper rules and regulations for fixing zones and territories, prescribing hours of opening and of closing, and for such other measures as will promote public health, morals, and safety, as they may by ordinance provide, and the board of supervisors of any county may make such rules and regulations as to territory outside of municipalities as are herein provided for municipalities.''

This Court held in Ford v. Easterling, 183 Miss. 575, 184 So. 153, 119 A.L.R. 634, that the passage by the Board of Supervisors of a zoning order under authority of the above quoted statute was a legitimate power. In Board of Supervisors of Tishomingo County v. Blissitt et al., 200 Miss. 645, 27 So. (2d) 678, it was held that the action of the Board of Supervisors, in establishing a public

road is exercising an administrative power, legislative in its nature, in determining whether the public interest or convenience requires the laying out of the road. In Green v. Alcorn County, 192 Miss. 468, 6 So. (2d) 130, the nature of the act of the Board in passing a zoning ordinance was not considered, though the appeal was under Section 1195 and the Court struck down the zoning order there as an unreasonable exercise of power by the Board under the facts in that case. In Mohundro v. Board of Supervisors of Tippah County, 174 Miss. 512, 165 So. 124, the Court held that the order of the Board of Supervisors calling an election on voting out beer was a judicial act. In Power, Secretary of State v. Robertson, 130 Miss. 188, 93 So. 769, it was held that the Secretary of State in determining whether the initiative and referendum petitions contained the required number of qualified electors acted judicially. Ferguson v. Board of Supervisors, 71 Miss. 524, 14 So. 81, holds that in determining whether a petition for local option election contains the requisite number of qualified electors the Board acted in a judicial capacity. In Corbett v. Duncan, 63 Miss. 84, and in Loeb v. Duncan, 63 Miss. 89, it was held that a municipal board in determining whether a petition for liquor license was signed by requisite number of qualified electors acted in quasi judicial capacity. Other cases are Board of Supervisors of Forrest County v. Melton, 123 Miss. 615, 86 So. 369; Board of Supervisors of Marshall County v. Stephenson, Miss., 130 So. 684 (Not reported in State Reports); Illinois Cent. R. Co. v. Mississippi R. Commission, 143 Miss. 805, 109 So. 868; Ferguson v. Seward, 146 Miss. 613, 111 So. 596.

The last few decades have witnessed the rise of a new instrument of government, the administrative tribunal. The rapidity of its growth, the significance of its powers, and the implications of its being, are such as to require notice of the extent to which ''administrative law'' is

weaving itself more and more into our governmental fabric.

An approach to the problem of judicial review cannot neglect the fact that its essence springs from the Anglo-American conception of the '' supremacy of law.'' In 1936, Mr. Justice Brandeis, in speaking of ''administrative law'', said in St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, 84, 56 S. Ct. 720, 740, 80 L. Ed. 1033: ''The supremacy of law demands that there shall be opportunity to have some court decide whether an erroneous rule of law was applied and whether the proceeding in which facts were adjudicated was conducted regularly.''

This Court in California Company v. State Oil & Gas Board, 200 Miss. 824, 27 So. (2d) 542, 547, 28 So. (2d) 120, held with reference to acts of an administrative board ''the only sound, practicable or workable rule that can be announced by the Court is to hold that when the appeal is from either a general rule and regulation or from an exception granted thereto, the Court to which the appeal is taken shall only inquire into whether or not· the same is reasonable and proper according to the facts disclosed before the Board, that is to say, whether or not its decision is supported by substantial evidence or is arbitrary or capricious, or beyond the power of the Board to make, or whether it violates any constitutional right of the complaining party.''

We are constrained to hold that the Board of Supervisors in enforcing rules and regulations for prescribing hours of opening and closing under the provisions of Section 10224, Code of 1942, exercises a legislative and not a judicial power but from decisions of the Board of Supervisors on administrative or legislative matters an appeal to the circuit court is nonetheless within the contemplation of Section 1195, Code of 1942, and the court to which the appeal is taken should only inquire into whether or not the order is

reasonable and proper according to the facts disclosed before the board, that is to say, whether or not its decision is supported by substantial evidence or is arbitrary or capricious, or beyond the power of the board to make, or whether it violates any constitutional right of the complaining party. To this extent, the rule announced in Board of Supervisors of DeSoto County v. Pidgeon-Thomas Iron Co., 114 Miss. 274, 75 So. 117, is hereby modified.

Within these limitations we now inquire into the order complained of. Looking to the bill of exceptions and the facts disclosed before the Board of Supervisors, we find the Board's decision is supported by substantial evidence and is not arbitrary or capricious.

In Noxubee County v. Long, 141 Miss. 72, 106 So. 83, 85, we held: ''The minutes of boards of supervisors reciting their orders and judgments, like those of justices of the peace, will be looked upon with indulgence although they may be unskillfully drawn, if by a fair and reasonable interpretation their meaning can be ascertained, they will be sufficient to answer the requirements of law.'' The board of supervisors realized that the respective restaurants of the complaining parties could lawfully remain open within the hours under review and the reasonable interpretation of the order is that they should be closed within the prohibited hours to the sale of beer or light wine but open for any other lawful purpose. Hence the order is within the power of the board to make and does not violate any constitutional right of any of the complaining parties.

The judgment of the court below will be reversed and judgment entered here affirming the order of the board of supervisors.

Reversed and judgment here for appellant.