MILLER *v.* BOARD OF SUPERVISORS OF FORREST COUNTY

No. 40483 April 22, 1957 94 So. 2d 604

850

*J. Homer Pittman, Ben Stevens, Chester M. Morgan, Jr.*, Hattiesburg; *L. Barrett Jones*, Jackson, for appellant.

852

*Gray & Montague,* Hattiesburg, for appellee.

ETHRIDGE, J.

This is an appeal by bill of exceptions from an order of the Board of Supervisors of Forrest County of September 27, 1956, denying a petition to set aside an order prohibiting the sale of beer and light wines in a limited area of the Petal and Harvey communities of Forrest County, in which appellant Miller operates a restaurant.

Code of 1942, Sec. 1195. The circuit court correctly affirmed the board's order.

Code Section 10224 provides: "Municipalities may enforce such proper rules and regulations for fixing zones and territories, prescribing hours of opening and of closing, and for such other measures as will promote public health, morals, and safety, as they may by ordinance provide, and the board of supervisors of any county may make such rules and regulations as to territory outside of municipalities as are herein provided for municipalities."

Code Section 10228 states: " . . . nothing in this Act shall prohibit the governing body of any municipality from designating what territory surrounding churches and schools in said municipalities, and the board of supervisors of any county from designating what territory surrounding churches and schools outside of any municipality, in which said wines and beer shall not be sold or consumed."

 These statutes first went into effect in Mississippi Laws 1934, Chapter 171. They are constitutional, and a board of supervisors may prohibit the sale of beer and light wines within a named zone, provided the board's order is reasonably based upon facts and conditions warranting it. Alexander v. Graves, 178 Miss. 583, 173 So. 417 (1937). The power to prohibit is not limited to territory surrounding churches and schools. Alexander v. Graves, supra. The court has recognized that these statutes vest in boards of supervisors a rather wide discretion in determing the reasonableness of an order prohibiting or restricting the sale of beer within a named territory. Ford v. Easterling, 183 Miss. 575, 184 So. 153, 119 A. L. R. 634 (1938); Walters v. Jones Co., 184 So. 160 (Miss. 1938). On the other hand, orders prohibiting the sale of beer in an entire school district, and in another case, within five

miles of any church, school, storehouse, filling station, or other public place, were held to be unreasonable and without any substantial basis of fact relevant to the powers of the board. Green v. Alcorn County, 192 Miss. 468, 6 So. 2d 130 (1942); State v. Hoyle, 51 So. 2d 730 (Miss. 1951). See also Holmes v. Board of Supervisors of Forrest County, 199 Miss. 363, 24 So. 2d 867 (1946). (Writ of prohibition against board and sheriff does not lie.)

■■ Furthermore, the passage of an order prohibiting the sale of beer or prescribing the hours within which it might be sold is a legislative action of the board of supervisors under powers delegated to it by Code Sections 10224 and 10228. ■■ On appeal the question is whether the order is reasonable and proper according to the facts disclosed before the board, that is, whether or not its decision is supported by substantial evidence, or is arbitrary or capricious, or beyond the power of the board to make, or whether it violates any constitutional right of the complaining party. Board of Supervisors of Clay County v. McCormick, 207 Miss. 216, 42 So. 2d 177 (1949).

The record before the board, including the recitations of its order, the bill of exceptions, stipulations, the map, and the aerial photographs of the affected territory, amply support validity of the board's order. In June 1954 the board of supervisors passed an order which adjudicated that the unincorporated community of Petal contained five to six thousand people residing in the immediate environs, without substantial police protection; that it was substantially residential in character, and contained churches and a large consolidated school; and it was necessary for the public welfare, health, morals, and safety to prohibit the sale of light wines and beer within a described area embraced in a circle with a diameter of two miles, the center of that circle being the

intersection of two streets in the Petal Community, but excepting from such circle the land which lies west of the New Orleans and Northeastern Railroad. The order prohibited sales of beer and light wines in the described area. The excepted territory was divided from the zoned area by a rather high embankment of the railroad. Immediately to the west of the railroad is U. S. Highway 11, a heavily traveled thoroughfare. There are a large number of businesses and industries adjacent to the highway immediately to the west of the territory covered in the 1954 order.

On September 6, 1956, without any public notice or hearing, the board of supervisors made another order modifying and amending the 1954 order and extending the prohibition of beer and light wine sales to the remainder of the land within the circle described in a 1954 order but excepted from its effect. The 1956 order, which is the one here in issue, contains a finding by the board of supervisors that it had carefully inquired into the matter of the need for prohibiting sales in the additional territory; that the area bordering the zone covered by the 1954 order and to the west of it within the circle has heavily increased in population, and population of entire area has increased to a total of 7,500 to 10,000; that the territory encompasses substantially all of the unincorporated communities of Petal and Harvey, which are without substantial police protection; and that the public welfare, health, morals, safety and public interest would be best served by excluding beer and light wine sales in the area to the west of the railroad but within the circle. Hence such sales were prohibited.

On September 27, appellant Ralph E. Miller filed with the board a petition attacking the reasonableness of the order and its validity. In the area west of the railroad, which is affected by the 1956 order, Miller operated a restaurant known as the M & O Drive In, and

in connection with the business he sold beer. His petition alleged that the board's order would put him out of business and deprive him of his right to a livelihood. Hence Miller's petition asked the board to rescind its order of September 6. The board denied that petition on September 27, 1956. From this order Miller appealed to the circuit court and to this Court.

██ In determining the reasonableness of the order, we must consider the findings of fact by the board, as well as all other evidence reflected in the record. We judicially know that the communities of Petal and Harvey are only a few miles northcast of the City of Hattiesburg. ██ The zoned area contains a large population without any substantial police protection. Before passing the September 6 order the board was advised by the sheriff that it was necessary in the interests of adequate law enforcement. The board found that the existence of U. S. Highway No. 11 in this heavily settled area, and the resulting problems of law enforcement, rendered it reasonable and proper to prohibit such sales, in order to furnish adequate police protection to this restricted area of the county, and in order to promote the public welfare, health, safety and morals. Under these circumstances, it cannot be said that the order is unreasonable, arbitrary or capricious. The location of the zoned area and the existence in it of two heavily populated unincorporated communities, along with the other facts, furnished an adequate basis for action under Sections 10224 and 10228.

██ It was not necessary for the board of supervisors to give a notice and hearing prior to making the zoning order of September 6. This is not required by the statutes, which in fact indicate a contrary intent. In Board of Supervisors of Clay County v. McCormick, supra, no petition was filed with the board requesting a zoning order, which was passed without any notice or hearing.

Nevertheless, it was held to be an exercise of the board's legislative power, and not a judicial function. The same conclusion applies here. ██ Moreover, appellant has no vested property right in a license to sell beer and light wines. It is simply a revocable permit or alienable privilege, with reference to a business which has long been recognized as peculiarly affecting the public interest and subject to governmental regulation. Stone v. Farish, 199 Miss. 186, 23 So. 2d 911 (1945).

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and. *Gillespie,* JJ., concur.