HERBERT et al. *v.* BOARD OF SUPERVISORS OF CARROLL COUNTY, MISS.

No. 41825          May 15, 1961          130 So. 2d 250

*William A. Lomax,* Grenada, for appellant.

*Maurice Black,* Carrollton, for appellee.

KYLE, J.

This case is before us on appeal by S. E. Herbert and others from a judgment of the Circuit Court of the First Judicial District of Carroll County affirming an order of the Board of Supervisors of said county, zoning out the sale of beer and wine in a strip of land one-half mile wide bordering the counties of Montgomery and Grenada. The appeal to the circuit court from the order of the Board of Supervisors was taken under authority of Section 1195, Missisippi Code of 1942, Rec., and upon a bill of exceptions as provided in said code section.

The bill of exceptions shows that petitions signed by numerous citizens of Supervisor's District No. 1 of said county was filed with the Board of Supervisors on June 6, 1960, asking that the Board of Supervisors adopt such reasonable rules and regulations regarding the sale of beer and wine in said district as would protect the people of the area from indiscriminate sale, which was corrupting the morals of the community, making it difficult to keep peace and order, and endangering the peace and safety of the people. The cause was heard by the Board of Supervisors on June 6, 1960, same being the first Monday of June, 1960, and the order appealed from was adopted on that date.

The order of the Board of Supervisors found and adjudicated, among other things, the following facts substantially as follows: (1) That open lawlessness and defiance of law existed in the area of Carroll County immediately adjacent to Montgomery and Grenada count-

ies; (2) that said lawlessness originated in and was fostered by the sale of beer and wine in said area, and that said lawlessness was caused in a large part by nonresidents of said county coming into said county from counties wherein the sale of beer and wine was prohibited; (3) that in said area acts of violence, drunkenness and disregard of the rights of peaceful and law-abiding citizens was common, and law enforcement officers had been threatened with death or great bodily harm if they interfered with such lawlessness; (4) that the sheriff had been obstructed by physical violence in his efforts to enforce the law in said area; (5) that intoxicated persons had practically driven the peaceful and law-abiding citizens of the area from the public roads and made them fearful for their safety even in their own homes; and (6) that the conditions complained of would continue while the sale of beer and wine was unregulated in said area.

It was then ordered by the Board as follows:

"Section 1. That the sale, bartering or giving away of any beer or wine be and the same is hereby prohibited, at any place in sections 19, 20, and 29, Township 21 North, Range 5 East, and Sections 19, 20, 21, 22, 23 and 24, Township 21 North, Range 4 East, which is within one half mile, by nearest public road, from the South boundary of Grenada County or the West boundary of Montgomery County, Mississippi.

"Section 2. That the opening of container or consumption of any beer or wine, on the premises of a holder of a permit authorizing the sale of beer or wine, or his permitting either to be done on his premises, and the sale, barter or giving away of any beer and wine by any such permit holder, except in unopened container, between the hours of 6:00 P.M. and 8:00 A.M., is hereby prohibited, in that area of Carroll County * * * which lies more than one half mile, by nearest public road, from the South bound-

ary of Grenada County and the West boundary of Montgomery County, and less than one and one half miles, by nearest public road, from the South boundary of Grenada County and the west boundary of Montgomery County.''

The order further provided, in Section 3 thereof, that, ''the regulations and zoning herein provided shall be construed as cumulative in the interest of promoting the public health, morals and safety,'' and in Section 4 thereof, that, ''Any violation of this order shall be a misdemeanor and any person, upon conviction thereof, shall be punished as for a misdemeanor.'' It was then declared that the provisions of the order should be separable, and if any clause or section thereof should be held invalid by any court of competent jurisdiction, such holding should not affect the validity of any other clause or section.

The appellants, as protestants, being aggrieved by the above mentioned zoning order of the Board of Supervisors, perfected their appeal upon bill of exceptions to the circuit court, as provided for in Section 1195, Mississippi Code of 1942, Recompiled. The bill of exceptions was duly filed with the clerk of the circuit court on June 15, 1960; and with their bill of exceptions the appellants filed a statement of their grounds of protest, which may be summarized as follows:

(1) That the action of the Board of Supervisors was taken without notice of any kind to the protestants.

(2) That the order adopted was unreasonable, arbitrary and capricious.

(3) That the order violated the constitutional rights of the protestants.

(4) That the order was beyond the legal power of the Board to make as a regulatory measure under Section 10224, Mississippi Code of 1942, Recompiled.

The cause was heard by the circuit judge in vacation, by agreement of the parties, on August 6, 1960, and at the conclusion of the hearing an order was entered af-

firming the order of the Board of Supervisors. The appellants were thereafter granted an appeal to the Supreme Court with supersedeas.

■■ ■ The first point argued by the appellants' attorney as ground for reversal of the judgment of the lower court on this appeal is that no notice of the purported hearing on the petition filed with the Board of Supervisors on June 6, 1960, was given to the appellants, and that the appellants had no opportunity to examine the witnesses who may have testified before the Board at said meeting, or to introduce evidence in rebuttal, or to be heard in opposition to the proposed zoning resolution before it was adopted. But that question has been settled adversely to the appellants' contention by the decision of this Court in Miller v. Board of Supervisors of Forrest County, 230 Miss. 849, 94 So. 2d 604, in which this Court held that it was not necessary for the board of supervisors to give a notice and hearing prior to making a zoning order in a case of this kind. As the Court pointed out in its opinion in that case, the statute does not require such notice and hearing prior to the making of a zoning order. See also Board of Supervisors of Clay County v. McCormick, 207 Miss. 216, 42 So. 2d 177.

It is next argued that the order of the Board of Supervisors is unreasonable, capricious and discriminatory, in that the sale of beer and wine within the border area of approximately five square miles of territory in Supervisor's District No. 1 is prohibited entirely; that two places occupied by holders of permits to sell beer and wine will be deprived of their right to do so; that good locations for the sale of beer in the prohibited area cannot be readily disposed of; and that the order of the Board of Supervisors will result in the owners of the property being deprived of their property without due process of law.

But is seems to be well established that, where the requisite power exists, municipalities, or other local governmental authorities, may prohibit the sale of intoxicating liquors in certain areas or places, or at certain times. The exercise of the power to enact such zoning regulations, however, must be based upon reasonable conditions—some basis of fact ascertained by the board which would have a material bearing upon the question at issue.

"The state may confer on municipalities the power to prohibit the sale of intoxicating liquors in certain areas or places, and such regulations may be promulgated under the municipal police power, or by virtue of specific power to regulate the sale of intoxicating liquors, or under the general powers of home rule municipalities, which possess all powers not denied them by the constitution and general statutes. * * * A municipality may prohibit sales of intoxicating liquors in places which are unlicensed, or where, by reason of the character of the place itself or of the neighborhood, the traffic may be deterimental to the morals or good order of the community, * * *." 48 C.J.S., 188, 189, Intoxicating Liquors, Sec. 50b.

The order complained of in this case was adopted pursuant to authority conferred upon the Board of Supervisors by Section 10224, Mississippi Code of 1942, Rec., which provides as follows:

"Municipalities may enforce such proper rules and regulations for fixing zones and territories, prescribing hours of opening and of closing, and for such other measures as will promote public health, morals, and safety as they may by ordinance provide, and the board of supervisors of any county may make such rules and regulations as to territory outside of municipalities as are herein provided for municipalities."

In Alexander v. Graves, 178 Miss. 583, 173 So. 417, the Court had under consideration for the first time

the provisions of the above mentioned statute, which appeared as Section 18 of Chapter 171, Laws of 1934, and the Court held that the statute conferred upon the board of supervisors the power to fix zones in which sales of beer and wine might be conducted, and other zones in which such sales should be prohibited. The Court, in discussing the provisions of said Section 18, in its opinion said:

"The Legislature was departing from the policy of total prohibition to a limited sale of intoxicating liquors. * * * It was recognized that there might be portions of the territory within the county where the sale of beer and wine might be hurtful to morals and to the safety of the community. * * * In our opinion, it was intended to confer upon the board of supervisors in territory outside of the municipality, and upon the municipality within its territory, the power to fix zones in which the sale might be conducted, and other zones in which it might be prohibited. They were not dealing with a subject entirely harmless within itself. They knew that such liquors when drunk to excess produced intoxication."

In the two more recent cases of Ford v. Easterling, 183 Miss. 575, 184 So. 153, and Miller v. Board of Supervisors of Forrest County, supra, this Court upheld, as a legitimate exercise of the power conferred upon the board of supervisors by said code section, orders of the boards of supervisors fixing zones within which sales of beer and wine should be prohibited.

In Board of Supervisors of Clay County v. McCormick, supra, the Court held that, when the board of supervisors acts under the authority of Section 10224, Code of 1942, Rec., in prescribing hours of opening and closing in territory outside of municipalities, the board exercises a legislative and not a judicial power, and that the court when reviewing such order, will inquire only into (a) whether the order is supported by substantial evidence or is arbitrary or capricious; (b) wheth-

er the order is within the lawful power of the board to make; and (c) whether any constitutional right of the complaining party is violated.

Zoning regulations may incidentally confer a benefit upon some and place a burden upon others, but such result is not the true criterion by which the validity of such order is to be tested. That criterion, in a case of this kind, is the public health, morals and safety of the community at large, in which the regulation in question is made operative. In State ex rel. Saperstein v. Bass (1941), 177 Tenn. 609, 152 S.W. 2d 236, the Court said: ''Those persons whose property was left outside the area in which liquor stores could be licensed have no basis for constitutional complaint that their property was not included within such area.''

The mere fact that the sale of intoxicating liquor, or other traffic therein, is permitted in some zones or districts while it is prohibited in others does not of itself constitute an unconstitutional discrimination against persons residing or property located in the latter. See Anno. 9 A.L.R., 877, 883, and cases cited.

It is obvious from the findings of the Board of Supervisors in this case, that the sale of beer and light wine along the county line adjoining counties in which such sale is prohibited constitutes a difficult law enforcement problem, and under the conditions disclosed by the record, we think it cannot be said that the order complained of is unreasonable, arbitrary or capricious, or beyond the power of the Board to make. Neither does it violate any constitutional right of the complaining parties.

The judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C.J.,* and *Ethridge, Gillespie* and *Jones, JJ.,* concur.