**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-60238

Summary Calendar

MERAMEC SPECIALTY CO.,

Plaintiff - Appellant,

V.

CITY OF SOUTHAVEN, MISSISSIPPI,

Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
2:98-CV-171

September 14, 2000

Before EMILIO M. GARZA, STEWART, and PARKER Circuit Judges:

PER CURIAM:[*]

Meramec Specialty Co. ("Meramec"), a Missouri corporation with its principal offices in Arkansas, sold fireworks on leased land in DeSoto County, Mississippi from 1989-1997. When the City of Southaven, Mississippi ("Southaven") annexed the land in 1997, the

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

land fell under an ordinance prohibiting firework sales within the city limits except by special permit. Southaven's Board of Aldermen passed a resolution "grandfathering in" all the firework businesses that operated before the annexation. Southaven's Mayor, however, vetoed the resolution. As a result, Southaven refused to issue the special permit. Meramec challenged Southaven's enforcement of the mayor's veto as arbitrary and capricious and in contravention with its non-conforming use. In response, Southaven filed a motion for summary judgment. The district court granted the motion for summary judgment and dismissed all Meramec's claims with prejudice.

The district court granted Southaven's motion for summary judgment for several reasons. First, the court held that where a municipality annexes land, enforcement of a pre-existing ordinance does not violate any property right, especially regarding rights that were based on a revocable permit. *See Davidson v. City of Clinton*, 826 F.2d 1430, 1434 (5th Cir. 1987); *Miller v. Board of Supervisors of Forest County*, 230 Miss. 849, 94 So.2d 604 (1957). Also, under such enforcement, a property owner cannot resort to the doctrine of non-conforming use to continue activity proscribed by annexing authority. *See Davidson*, 826 F.2d at 1430. Next, the court held that since the sale of fireworks is related to public health, safety, and general welfare for which municipal police powers are granted, there can be no evidence of arbitrariness. Finally, the court found that the Board of Alderman's proposed

resolution fell within the statutory definition of ordinance, and thus was subject to veto by the Mayor.[**]

Meramec now claims that it is entitled to just compensation for the taking of its alleged property rights.  Since a license to sell fireworks is simply a revocable permit or alienable privilege, Meramec does not have a vested property right, and thus does not have a takings claim.  Therefore, Meramec's just compensation claim is without merit.

We agree with the district court's judgment, and find no merit in Meramec's just compensation claim.  Therefore, we AFFIRM.


AFFIRMED.

---

[**] The statute regarding the mayor's vetoing powers defines "ordinance" to include resolutions and orders.  *See* MISS. CODE ANN. § 21-3-15 (1972).